[S. F. No. 2456.   Department Two. — May 29, 1901.]

WILLIAM J. SCHUUR, Administrator of Conradine Schuur, Deceased, Appellant, v. GERHARD RODENBACK, Respondent.

ACTION TO CANCEL DEED — SUPPORT OF FINDINGS — APPEAL. — In an action by the son and sole heir at law of his deceased mother, to cancel a deed of gift made to her brother during her last illness, where the findings of the court were against the plaintiff on the issues joined, and the evidence sustained the findings as to the execution and delivery of the deed without conflict, and though conflicting on the question of the mental incompetency of the mother at the time of the execution of the deed, was sufficient to support the finding upon that subject, the findings cannot be disturbed upon appeal.

Id. — Immaterial Finding — Worthlessness of Plaintiff. — A finding that the plaintiff was worthless, and that he beat his mother, is not essential to a disposition of the material issues, and it is immaterial whether it has any competent evidence to support it.

Id. — Delivery of Deed in Escrow, to be Delivered to Grantee at Death. — A deed of real estate, which provided for its delivery to a person named, to be held by him in escrow, and to be delivered by him to the grantee only at the moment of the grantor's death, and not before, is sufficient, upon compliance with such provision, to convey title to the grantee.

Id. — Witness to Deed not Necessary. — A deed need not be witnessed, in order to be effective under the law of this state.

Id. — Evidence — General Question. — A general question as to what happened on the day of the execution of the deed, after the defendant had left, from which the court cannot say whether an answer to it would be pertinent to the subject under inquiry, was properly excluded.

Id. — Condition of Grantor — Harmless Error in Striking out Evidence. — Error in striking out evidence as to irrational expressions of the grantor is without prejudice, where substantially the same matter was testified to for the appellant without objection.

Id. — Draft of Deed by Holder in Escrow — Immaterial Hearsay — Directions of Grantor through Grantee. — The testimony of the holder of the deed in escrow, that he drafted the deed, and received directions therefor from the grantor through the grantee, though hearsay as to the source of the directions, is rendered immaterial by the positive testimony of the grantee that such directions were given by the grantor.

Id. — Immaterial Wish of Husband of Grantor — Declaration of Wife. — Where a declaration of the deceased grantor of the deed was testified to, to the effect that everything was to belong to her brother, the grantee, and that her husband wanted it so, the latter declaration is immaterial, and an order striking it out was not erroneous.

Id. — Appeal — Error not Appearing in Record. — Error assigned in rulings upon evidence, which is not disclosed or made to appear affirmatively in the record upon appeal, cannot be reviewed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    Edward A. Belcher, Judge.

The facts are stated in the opinion.

Fisher Ames, for Appellant.

The burden of proof was on the grantee to show the mental capacity of the grantor throughout, the same as on the pro-

ponent of a will where testamentary capacity is attacked. (*Odell* v. *Moss*, 130 Cal. 352; *Soberanes* v. *Soberanes*, 97 Cal. 140; *Owings Case*, 1 Bland Ch. 370;[1] *Moran* v. *Sullivan*, 12 App. D. C. 137; *Smee* v. *Smee*, L. R. 5 Com. P. 84; *Comstock* v. *Hadlyme etc. Soc.*, 8 Conn. 261;[2] *Delafield* v. *Parish*, 25 N. Y. 10; *Ean* v. *Snyder*, 46 Barb. 230; *Taff* v. *Hosmer*, 14 Mich. 309; *Chrisman* v. *Chrisman*, 16 Or. 127.) Fraud or undue influence will be readily inferred, where there is weakness of understanding, and no valuable consideration for the conveyance. (*Allore* v. *Jewell*, 94 U. S. 506, 510; *Jackson* v. *King*, 4 Cow. 216.[3]) In such case, importance will be attached to slight evidence tending to establish imposition or unfair dealing. (*Wilson* v. *Oldham*, 12 B. Mon. 55; *McFaddin* v. *Vincent*, 21 Tex. 47; *Hale* v. *Brown*, 11 Ala. 87; *Kennedy* v. *Currie*, 3 Wash. 442; *Bunch* v. *Hurst*, 3 Desaus. 273.) The findings are against the evidence. The wife of the grantee was an incompetent subscribing witness. (*Corbett* v. *Norcross*, 35 N. H. 99; *Smith* v. *Chapman*, 4 Conn. 344.)

Alfred Fuhrman, John Heenan, and H. S. Foote, for Respondent.

Feebleness of mind will not invalidate a gift. (*Mercantile etc. Co.* v. *Huntington*, 89 Hun, 465; *Field* v. *Shorb*, 99 Cal. 661; *Riggs* v. *American Tract Society*, 95 N. Y. 503; *Richardson* v. *Smart*, 65 Mo. App. 14.) Upon proof of the proper execution of the deed, the burden was on the attacking party to invalidate it. (*Cooper* v. *Reilly*, 90 Wis. 427; *Jones* v. *Jones*, 137 N. Y. 610; *Buckey* v. *Buckey*, 38 W. Va. 168.) The evidence preponderates to support the findings. A deed requires no witness at common law. (*Dundy* v. *Chambers*, 23 Ill. 369.)

GRAY C.—The plaintiff was the son and is the sole heir at law of the above-named deceased. The defendant was the brother of said deceased. The suit is to have surrendered and canceled as fraudulent and void a certain deed of gift executed by said deceased to her brother during her last illness, and some four or five days before her death. The plaintiff appeals from a judgment in defendant's favor and from an order denying a new trial.

1. The case was tried without a jury, and the findings of the

---

[1] 17 Am. Dec. 311.          [3] 15 Am. Dec. 354.

[2] 20 Am. Dec. 100.

court on the issues of fraud, undue influence, incompetency, non-delivery and non-execution of the deed, are adverse to plaintiff; and it is against these findings that he directs his principal attack on this appeal. It is claimed particularly that the finding as to the mental capacity of Mrs. Schuur is contrary to the evidence.

It was testified, in substance, by appellant and his wife, that at the date of the execution of the deed Mrs. Schuur was drunk and laboring under delusions. On the other hand, on behalf of respondent it was testified that at that date, prior thereto, and thereafter, Mrs. Schuur appeared perfectly sober and sane. There was also evidence tending to show that the first suggestion that the property be deeded to the respondent had come from Mrs. Schuur, and that she had, through her brother, sought and obtained from a lawyer advice as to how she could give the property to her brother so as to exclude the son from it, and have the gift take effect so as to leave her in control of the property while she lived. The finding as to mental capacity of Mrs. Schuur does not rest for its support alone upon the testimony of respondent and his wife; but it is substantiated by the evidence of apparently disinterested witnesses.

The finding that the plaintiff was worthless, and that he beat his mother, was not essential or necessary to a disposition of the material issues involved in the case, and it is therefore needless to inquire whether said finding has any competent evidence to support it.

The evidence established the execution and delivery of the deed without conflict. It was not necessary that the deed should be witnessed, under the law of this state.

The deed provided, as to its delivery, as follows: "This deed is hereby delivered to Alfred Fuhrman, to be held by him in escrow, and be delivered by said Alfred Fuhrman to said grantee only at the moment of my death, and not before." This provision of the deed was complied with, and this constituted a delivery of the deed, and operated to convey the title in the property to the grantee. (*Ruiz* v. *Dow*, 113 Cal. 490.) We see no reason for interfering with the findings of the court.

2. Lizzie Schuur was examined as a witness on behalf of plaintiff, and questions were asked, answers given, and rulings made as follows: —

"Q. What was the appearance of Mrs. Conradine Schuur at that time, with respect to health? — A. She appeared very sick.

"Q. What was her appearance with respect to sobriety?—A. She appeared to be intoxicated. She had been drinking gin and wine that day,—a flask of gin, and a bottle of wine almost.

"Q. What happened after Mr. Rodenback left on that day?

"*Mr. Fuhrman.*—We object to anything which occurred after Rodenback left.

"*The Court.*—Objection sustained.

"*Mr. Ames.*—Plaintiff notes an exception.

"Q. What was the appearance of Mrs. Conradine Schuur at that time, with respect to being rational or irrational?—A. She appeared irrational; talking queer; saying very queer things.

"Q. What was she saying?—A. She was talking about imaginary things. She was saying, 'Listen to that polly talking'; 'Listen to the birds sing.' There was no polly nor any birds there.

"*Mr. Fuhrman.*—We move to strike out what was said,— what was testified to in the last answer.

"*The Court.*—Strike it out.

"*Mr. Ames.*—Plaintiff excepts."

The foregoing testimony related to the condition of Mrs. Schuur on the day of the execution. of the deed. We think there was no error in sustaining the objection to the question as to what happened after Mr. Rodenback left on that day. This question was too general. From it the court could not say whether an answer to it would be pertinent to the subject under inquiry. The court erred, however, in granting the motion to strike out; but the appellant was permitted to testify without objection to substantially the same matter that was stricken out, and for that reason we must hold that the error was without prejudice. (*People* v. *Westlake*, 62 Cal. 303; *Gillaspie* v. *Hagans*, 90 Cal. 90.)

Objection is made to the action of the court in refusing to strike out the testimony of Alfred Fuhrman, to the effect that he received directions from Mrs. Schurr, through Rodenback, to draft the deed of gift as outlined in his previous letter to her. Rodenback had already testified fully as to receiving these directions from Mrs. Schuur and communicating the same to Fuhrman, and there was no error in permitting Fuhrman's evidence to stand as to the fact of his having received the directions. Of course, Fuhrman could not know, of his own knowledge, that Rodenback received any such instructions

from Mrs. Schuur, and his answer, so far as it relates to that matter, is hearsay, no doubt, but that becomes unimportant in view of Rodenback's uncontradicted testimony to facts within his knowledge.

Minna Strauss testified that "she [deceased] said everything was to belong to William [the plaintiff]; that her husband wanted it so." This last phrase, " that her husband wanted it so," was struck out on motion of respondent. In this we see no error. The husband's desire in the premises was entirely immaterial. The important part of the answer related to the desire of Mrs. Schuur, and that was not struck out.

Appellant asked respondent, on cross-examination, "What conversation did you have regarding the money?" From the record before us it is impossible to see what bearing this question, or any answer to it, could have upon the case. We must therefore hold that no error is made to appear in sustaining an objection to the question.

The following answer was struck out on the ground that it was not responsive to the question, to wit: "I did not visit her very much before her death, because she was always intoxicated." The question to which this was an answer is not in the record, and we must again hold that error is not made to appear.

The judgment and order appealed from should be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Henshaw, J., Temple, J.

McFARLAND, J., concurring.—I concur in the judgment of affirmance, and in the opinion of the commissioner; but I concur in that part of the opinion which holds that there was a legal delivery of the deed to the grantee after the death of the grantor, solely on the authority of *Bury* v. *Young*, 98 Cal. 446.[1] My views on the subject, which I still entertain, were expressed in my dissenting opinion in *Bury* v. *Young;* but that case must be taken as establishing the law of this state. (See note to *Bury* v. *Young*, 35 Am. St. Rep. 186.)

Hearing in Bank denied.

---

[1] 35 Am. St. Rep. 186.