[S. F. No. 2211.   Department Two.—June 20, 1902.]

JASPER   HOWLIN,   Respondent,   v.   THOMAS   CASTRO,.
Appellant, and J. W. ROWLING, Respondent.

Deed — Escrow — Consideration — Support of Grantor for Life —
   Breach of Condition—Action for Redelivery of Deed—Find-
   ings—Support of Decree.—Where an action for redelivery of a.
   deed placed in escrow was tried on the theory that it was delivered
   in escrow pursuant to an alleged agreement of the grantee named.
   therein to support the grantor for life, which was the sole considera-
   tion for the deed, and the court found on sufficient evidence that.
   plaintiff did not intend to convey irrevocably or to deliver the deed
   unconditionally, that it was placed in escrow simply as security to,
   the grantee, if he should perform his agreement, and that both
   parties understood that its performance was a condition precedent
   to the vesting of the title in the grantee at death of the grantor,.
   and that the condition was broken by non-performance of the con-
   dition,—a decree that the deed be redelivered, and that the plaintiff'
   be relieved from the agreement is sufficiently supported.

Id.—Averments of Fraud—Omission in Findings Immaterial.—It.
   was not necessary for the plaintiff to allege or prove acts constitut-
   ing fraud on the part of the grantee named in the deed placed in
   escrow;  and the omission to find upon the issue of fraud alleged on
   his part is not material.

Id.—Information to Depositary not Essential—Evidence of Inten-
   tion.—Where both parties fully understood the terms of the agree-
   ment and the conditions on which the grantor executed the deed,.
   and both acted on the agreement, it was not necessary that the
   depositary should be fully informed of the agreement under which
   he received the deed, nor did failure to inform him thereof preclude·
   proof of the intention of the parties.

Id.—Agreement   for   Personal   Services—Unexecuted   Contract—
   Willingness to Perform—Obligation not Enforceable.—The·
   agreement of the grantee named was an obligation on his part to.
   render personal services which could not be specifically enforced;
   and where the contract was unexecuted, the willingness alleged and
   testified to by the grantee to perform the contract on his part, cannot
   preclude or affect the judgment rendered for the plaintiff upon the·
   findings.

Id.—Remedy for Damages.—The contract being executory, and having·
   been broken, the plaintiff is not confined to a remedy for damages. ·

Id.—Recital of Deed not Contradicted—Admissible Evidence.—A.
   recital at the close of the deed placed in escrow, made by the grantor,.
   that it was to be left in care of a third person named therein until'
   the death of the grantor, and then be delivered to the grantee, is;

not contradicted by evidence of the agreement going to the consideration of the deed and the conditions under which the depositary held the deed, as between the parties thereto, and such evidence was admissible.

APPEAL from a judgment of the Superior Court of Monterey County and from an order denying a new trial. N. A. Dorn, Judge.

The main facts are stated in the opinion. The recital referred to in the opinion, as having been made at the close of the deed, consisted of the following words immediately following the *habendum* clause, and preceding the attesting clause: "This deed is to be left in care of J. W. Rowling until my death, and then to be delivered to the party of the second part herein."

H. L. Bradford, and W. M. Pence, for Appellant.

Daugherty & Lacy, for Jasper Howlin, Respondent.

J. W. Rowling, Respondent, in *pro. per.*

CHIPMAN, C.—The court made the following findings: 1. Plaintiff is, and since December 1, 1894, has been, the owner in fee of the land in question; 2. In the month of March, 1895, plaintiff and defendant Castro made an oral agreement, Castro agreeing "to personally care for and attend upon plaintiff as long as the latter should live, without cost or expense to plaintiff"; 3. Plaintiff agreed with Castro, "upon full performance by Castro of his said agreement plaintiff would convey to Castro said real property at the death of plaintiff"; 4. On May 16, 1895, plaintiff, at Castro's solicitation, and upon his representation "that without any writing he would be unprotected in his said agreement in the event of plaintiff's death, and not otherwise, signed, executed, and acknowledged a certain writing, in form a deed, conveying to said Castro said real property, and by agreement made between plaintiff and said Castro on said sixteenth day of May, 1895, and not otherwise, said writing was placed in the hands of defendant Rowling, with instructions to deliver the same to the defendant Castro upon plaintiff's death"; 5. Said writing was so executed and delivered to Rowling in reliance

upon Castro's said promise that he would care for plaintiff during plaintiff's natural life; plaintiff did not intend to and did not in fact part with the control over said writing, and did not convey or intend to convey said land to Castro, until full performance by Castro of his said agreement, and said writing was placed in the hands of Rowling "simply as a security to the defendant Castro, should he perform his said agreement," and that it was mutually understood by both that said agreement of Castro "was a condition precedent to the title of said property passing to said Castro"; 6. Plaintiff did not make a deed of gift to Castro for love and affection as a consideration or for other consideration than above set forth; 7. Plaintiff is seventy-five years old, in feeble health, and "needed the personal attendance and care of a faithful servant, and it was the intention of the parties to the contract for the rendering of such services by defendant"; it was also found that defendant has not improved the property as alleged in the answer; 8. For more than two years immediately preceding the commencement of the suit Castro "has not carried out his agreement to care for and attend upon plaintiff, and such breach of agreement on the part of Castro has not been caused by any fault or consent of plaintiff." As conclusions of law, the court found that plaintiff is entitled to a decree that the writing described in the complaint be redelivered to plaintiff; that plaintiff be relieved from his agreement to convey to defendant Castro the real property described in the complaint. Judgment was rendered accordingly. Defendant Castro appeals from the judgment and from the order denying his motion for a new trial. Certain special issues were submitted to and answered by a jury. The court, however, disregarded the answers of the jury, and as they were but advisory, and not binding on the court, we must treat them as immaterial.

Appellant challenges all the findings as unsupported by the evidence, except the finding as to placing the deed in the hands of Rowling. It is also claimed that the pleadings are insufficient to support the findings and decision. There was no demurrer filed. The complaint was sufficiently definite as to the alleged agreement between the parties and the alleged conditions on which the deed was delivered to Rowling. The special issues submitted to the jury did not embrace all the

issues in the case and furnish no conclusive evidence of the theory on which the case was tried. The complaint alleged that plaintiff delivered the deed to Rowling "fully believing that said defendant would perform his part of said agreement . . . and as part of said agreement with said Thomas. Castro," etc. The case was tried on the theory that the deed was delivered pursuant to the alleged agreement, and not otherwise, and we think the findings within the issues presented by the pleadings.

It is claimed that, as the complaint alleged fraud on Castro's. part, there should have been a finding on that allegation. Furthermore, that the complaint would not state a cause of action without the allegation of fraud (citing *Lawrence v. Gayetty,* 78 Cal. 126[1]). In this appellant errs. It was not necessary to allege or prove fraud to entitle plaintiff to relief, and hence it was not error to omit a finding on this allegation. In the case cited, fraud was alleged but not proven. The court said: "It must be borne in mind that the plaintiff did not contract to convey upon the performance of the contract. on the part of the defendants; therefore, his promise was not. dependent upon theirs; nor was there anything appearing in the deed, or in the contract under which it was made, showing or tending to show that a compliance with their promises was regarded as a condition subsequent, or that a failure to perform on their part should in any way affect the title conveyed to them. The case is precisely the same in principle as if the plaintiff had conveyed and taken a note for the purchase money, and the defendants had failed to pay the same." It. appeared in that case that the deed was executed by the grantor and delivered to the grantee, and the contract was. wholly executed. The case before us is readily distinguishable from *Lawrence* v. *Gayetty.* There is evidence tending to establish the following facts: Plaintiff is seventy-five years. old and childless; he was not in good health, and lived alone on the premises in suit; about January, 1895, he employed Castro to take care of him, which Castro did for one month, and was paid fifteen dollars for his services. Plaintiff testified: "At the end of the month I told Tommie [Castro] that. my means would not admit of me keeping him at that wages. I was not feeling well at that time, and I told defendant that

---

[1] 12 Am. St. Rep. 29.

if he would remain with me during all my life and take care of me and look after my wants and be a good boy, he could have the place after my death. He said he would do it. Some time after this the defendant represented to me that he was unprotected in his agreement without some writing on the subject, and . . . he asked me to reduce the agreement to writing, or to make a deed and place it in the hands of somebody else. At his earnest solicitation I agreed to sign a deed to him of the premises and leave it with Mr. Rowling. There was no other consideration for the deed except this agreement of his to care for me." Plaintiff had not known Castro prior to December, 1894, and was not related to him. The property was of the value of six hundred dollars. The deed is dated April 17, 1895, and was acknowledged before Rowling, who was a notary public, and was on that day left with Rowling, with instructions to hand it to Castro after plaintiff's death. The deed is in form a grant, bargain, and sale conveyance, and purports to be for the consideration of ten dollars, and contains the following clause, which was written by the notary at the time of its acknowledgment: "This deed to be left in care of J. W. Rowling until my death, and then to be delivered to the party of the second part herein," (Castro). It was not delivered to Castro, but remained with Rowling. Plaintiff testified that for a year from the date Castro took good care of him. He testified: "Then he began a course of abuse which was at times outrageous. He would abstract things from my trunk, would steal my money, would stay away from the house all night many times, and finally married a woman who by common repute was a ——, and, over my protests, brought her to live in the house I was occupying. She continually quarreled with me, called me 'a dirty old ——' repeatedly in the presence of Castro, and made life almost unbearable. I told defendant I could not stand such treatment, but he would simply call me an 'old buck' and an 'old ——,' and ask what I was going to do about it." The witness describes much other ill-treatment, which he could no longer endure, and in January, 1899, he "put into the street what little furniture Castro claimed as his, although what he claimed as his was only some odds and ends he had received in exchange for my things," and Castro from that time had no further relations

CXXXVI. Cal.—39

with plaintiff. Witness further testified: "I would have brought this suit long before I did, but I did not want to cause a scandal; I thought I would try to stick it out, but finally it became impossible, and as I was sick in bed, something. had to be done. Castro failed utterly to care for me as he had agreed." The trial court accepted this evidence as true, and, although it was contradicted in some particulars, we must also accept it. The complaint was filed January 19, 1899. There is no substantial disagreement as to the conditions on which the deed was left with Rowling. Castro testified that after the first month, for which he was paid fifteen dollars, "he begged me to stay, and said if I would stay and take care of him the rest of his life that he would give me the place. I finally consented to do so, and the deed was made by Mr. Rowling in my presence. Mr. Rowling was to keep the deed, and give it to me when Mr. Howlin died."

*Bury* v. *Young*, 98 Cal. 446,[1] is cited by both parties. In that case the court held that "the grantor upon the irrevocable delivery of the deed to the depositary, thereupon constitutes such depositary the trustee of the grantee, and creates in himself a tenancy for life." It was also held that the intention of the grantor "in making the delivery is a question of fact, to be solved by the light of all the circumstances surrounding the transaction." The grantor while suffering from a paralytic stroke conveyed his real estate to his daughters and gave the deed to one Hazen, "with instructions not to record it, but to deliver it to the grantees upon his death." The lower court had, on sufficient evidence, found as a fact that the grantor "parted with all dominion over said deed, and reserved no right to recall it or to alter its provisions, or to have or enjoy any other or further interest in said premises than to hold the use thereof until his death." There were no conditions, precedent or subsequent, attached to or accompanying the delivery as considerations for the deed; the grantees were daughters of the grantor, to whom he would naturally desire the property to go at his death, and an inference as to intention might be drawn from that fact as well as from the physical condition of the grantor, importing impending death, which cannot be drawn where the grantor and grantee are strangers, without the tie of kinship, and where the grantor cannot be said to

---

[1] 35 Am. St. Rep. 186.

anticipate immediate or early dissolution. In the case here the circumstances justified the finding of the court that there was no intention on plaintiff's part to convey irrevocably or to deliver the deed unconditionally. Both grantor and grantee understood perfectly the terms of the agreement and the conditions on which the grantor executed the deed, and both acted on the agreement; it was not essential to the rights of either party that the depositary should be fully informed of the agreement under which he received the deed, nor did failure to inform him thereof preclude proof of the intention of the parties. Besides, Castro's agreement was an obligation to perform personal service, and could not be specifically enforced. (Civ. Code, sec. 3390; *King* v. *Gildersleeve,* 79 Cal. 504; *Grimmer* v. *Carlton,* 93 Cal. 189;[1] *Thurber* v. *Meves,* 119 Cal. 35.) The rule admits of an exception where there has been full or substantial performance. (*Thurber* v. *Meves,* 119 Cal. 35.) But here the evidence shows non-performance by the grantee; and even though he alleged and testified to a willingness to perform his part of the agreement, it was not such an obligation as plaintiff could enforce, and hence the court was warranted in giving its judgment on the findings. (*Grimmer* v. *Carlton,* 93 Cal. 189;[1] *Thomas* v. *Thomas,* 24 Or. 251.) The learned judge who wrote the opinion in *Thomas* v. *Thomas* quotes from Ecclesiasticus (xxxiii, 19-23) in support of the decision. The authority may be apocryphal rather than canonical, but it is good enough to be inspired, if not so recognized, and is worthy a place in our legal literature. I quote the passage: "Give not thy son and wife, thy brother and friend, power over thee while thou livest, and give not thy goods to another, lest it repent thee, and thou entreat for the same again. As long as thou livest and hast breath in thee, give not thyself over to any. For better it is that thy children should seek to thee, than that thou shouldst stand to their courtesy. In all thy works keep to thyself the pre-eminence, leave not a stain on thine honor. At the time when thou shalt end thy days and finish thy life, distribute thine inheritance."

Appellant contends that plaintiff's remedy is for damages, as was held in *King* v. *Gildersleeve,* 79 Cal. 504; but it was so held because the contract was executed, the deed delivered,

[1] 27 Am. St. Rep. 171.

and the grantor looked only to the agreement of the grantee to pay the consideration.

It is also claimed that it was error to allow the recital at the close of the deed to be denied. This clause is in entire harmony with the testimony of both parties, and there was no attempt to disprove what this clause of the deed declared. The proof went to the agreement and consideration for the deed and the conditions under which the depositary held the deed; it was admissible to show these facts.

The judgment and order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Henshaw, J., Temple, J.