[L. A. No. 2103. In Bank.—October 8, 1909.]

## MARY O'CONNOR MOORE, as Administratrix of the Estate of Patrick Moore, Deceased, Appellant, v. MRS. GEORGE TROTT et al., Respondents.

DEED—DELIVERY TO THIRD PERSON FOR GRANTEE AFTER DEATH OF GRANTOR—DELIVERY MUST BE ABSOLUTE.—A valid transfer of a fee simple estate, subject to a life estate in the grantor, may be effected by means of a deed delivered by the grantor to a third person with instructions to deliver it to the grantee at the grantor's death. It is the essential condition of the validity of such transfers that the delivery to the third person be absolute so that the deed is placed beyond the power of the grantor to recall or control it in any event.

ID.—INSTRUCTIONS TO CUSTODIAN—CONSTRUCTION OF WRITTEN INSTRUCTIONS.—The test of an effective delivery in such cases is the absolute relinquishment of the right of recall by the grantor in his instructions to the person charged with the duty of making the delivery. Where such instructions are entirely in writing, the effect of the transaction depends upon its construction, and it is a pure question of law whether there was an absolute delivery or not.

ID.—INSTRUCTIONS TO DELIVER ON CONDITION OF NOT RETURNING FROM HOSPITAL.—Where a grantor, about to undergo an operation, delivers deeds to a third person, with written instructions to deliver them only "in case of my not returning from the hospital where I am going for an operation," the delivery is not absolute, it being implied that if he did return the deeds are to be at his disposal. That such is the proper construction of the instruction is corroborated by a further direction to the custodian to lock them in his safe "and in case I should die to immediately hand them to the parties" named as grantees.

ID.—GRANTOR'S INTENT TO BENEFIT GRANTEES.—The fact that it appeared from the testimony that the grantor wished the persons named as grantees in the deeds to have the property therein de-

CLVI Cal.—23

scribed, that his relations to them and his condition and circumstances made them the reasonable and meritorious objects of his bounty, and that he died believing the deeds delivered to the custodian would be sufficient to accomplish his purpose, does not cure the insufficiency of the delivery.

APPEAL from an order of the Superior Court of San Luis Obispo County. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

William Shipsey, and P. F. Dunne, for Appellant.

C. U. Armstrong, T. A. Norton, Sullivan & Sullivan, and Theo. J. Roche, for Respondents.

BEATTY, C. J.—This is an action to quiet title to certain lands formerly the property of Patrick Moore, deceased. The plaintiff is Moore's widow and administratrix, and the defendant, Mrs. George Trott, is the person named as grantee of said lands in two deeds which, on the tenth day of May, 1906, were mailed by Moore to P. O. Tietzen, cashier of the bank at Santa Maria, under cover with the following letter:—

"ARROYO GRANDE, May 10th, 1905.

"Mr. P. O. Tietzen.

"Dear sir and friend, I am sending you some deeds to lands that I have made to be delivered to the parties in case of my not returning from the California Hospital Los Angeles where I am going for to have an opperation performed I also enclose you 1000 shares of Pinal stock to be turned over to Annie Gray for the purpose of paying for her education at Berkley and would like very much if you would take charge of it for her and see that she gets it all right. The deeds that I am sending you, you will please lock them in your safe and in case I should die to immediately hand them to the parties named telling them to put them of record as soon as possible.

"The other Pinal reipt for stock I think is in your bank if so send it to me to the California Hospital and I will endorse and return to you as security for my indebtedness to your bank. I am going to start to-day and I presume I will be there one or two days before they opperate on me so if yo mail that other certificate to me I will endorse and return it to you.

you will please keep to yourself the names of the parties named in those deeds until you deliver them. After I pass in my checks and take flight for the other world from whence none return.

"Yours,

"PAT MOORE."

Immediately after mailing this letter Moore went to Los Angeles where the contemplated operation was performed. Towards the end of May he was able to return to his home at Arroyo Grande and to transact various business matters there and in San Luis Obispo, where he went to attend the June session of the board of supervisors, of which he was a member. But his health rapidly declined and on the 18th of June he died without ever having communicated to Tietzen any other instruction, oral or written, than those contained in his letter of May 10th. On June 22d Tietzen delivered the two deeds in question to Mrs. Trott, who filed them for record on the 23d. The sole question in the case is whether these deeds were so delivered as to pass the title to the lands in controversy to the defendant, Mrs. Trott, or whether they remained inoperative for want of delivery.

It was found by the superior court "That at the time said Patrick Moore delivered said deeds to the said P. O. Tietzen as herein found he parted with all dominion over said deeds and each of them and reserved no right to recall or any way control said deeds or either of them. That said deeds were delivered absolutely." Upon this and other sufficient findings judgment was entered in favor of the defendants, and plaintiff appeals from the order denying her motion for a new trial, her principal contention being that the finding here quoted is not sustained by the evidence.

It has been thoroughly established as the law of this state by a series of decisions commencing with *Bury* v. *Young,* 98 Cal. 446, [35 Am. St. Rep. 186, 33 Pac. 338], that a valid transfer of a fee simple estate, subject to a life estate in the grantor, may be effected by means of a deed delivered by the grantor to a third party with instructions to deliver it to the grantee at his, the grantor's death, provided always—and this is the essential condition of the validity of such transfers— that the delivery is absolute so that the deed is placed beyond the power of the grantor to recall or control it in any. event.

· The finding of the superior court, it will be seen, fully supports its conclusion in favor of the validity of this transfer to Mrs. Trott and it only remains to inquire whether the evidence in the record sustains the finding.

Moore at the time of his death was over seventy-one years of age. His first wife had died childless and the plaintiff to whom he had been married about two years, was without issue. His relation to the defendant was that of an old and intimate friend of herself and her parents. Annie Gray was a member of his own household, and the other persons named as grantees of different portions of his lands in the deeds placed with Tietzen were intimate and valued friends. Of his long cherished design to make each of them a sharer in the estate he might leave at his death there can be no doubt, and it is equally clear from the evidence that he died in the belief that his purposes in this regard were fully effected by the deeds he had executed and the instructions concerning them contained in his letter to Tietzen. But it is not enough that a man shall desire and intend that a stranger to his blood shall have and enjoy his real property after his death, for unless he complies with the legal requisites of a valid transfer his wishes and intentions are unavailing and his purpose is defeated. If, like Patrick Moore, he is unwilling to make a testamentary disposition which, if unrevoked, will pass the estate at his death, he must deliver his deed absolutely and beyond his power to recall in any contingency, to a custodian whose duty it will be to keep it as long as the grantor lives, and then to deliver it to the grantee. Were these deeds so delivered? If Patrick Moore on his return from Los Angeles had demanded their return could Tietzen have been justified in refusing to return them? If he could not have refused, it matters not that no such demand was made. The test of an effective delivery in such cases is the absolute relinquishment of the right of recall by the grantor in his instructions to the person charged with the duty of making the delivery. The transfer, or attempted transfer, of the estate being entirely gratuitous, the person named as grantee has no right beyond that which is voluntarily conferred and the extent of that right is to be· determined in every case where specific instructions are given by what passes between the grantor and his selected agent. The agent is of course bound to do

what his instructions require him to do—no more, no less, and when, as in this case, his only instructions are in writing, the effect of the transaction depends upon the true construction of the writing. It is in other words a pure question of law whether there was an absolute delivery or not.

What, then, is the proper construction of Moore's letter? It seems very plain that Tietzen is authorized to deliver the deeds only "in case of my not returning from the California Hospital where I am going for an operation," and the implication that if he does return the deeds are to be at his disposal is clear. But counsel for respondent contends that a different intention is revealed by subsequent clauses of the letter. He relies greatly upon the direction to lock the deeds in Tietzen's safe "and in case I should die to immediately hand them to the parties," etc. We think that this, so far from being inconsistent with our construction of the first part of the letter, is only corroborative of it. If Moore's intention had been to part with the deed absolutely he would not have directed their delivery *"in case I should die,"* for he was sure to die at some time. He would more naturally have said *when* I die. It is apparent that he was not without some hope of obtaining relief more or less permanent from the contemplated operation, and if he had returned from Los Angeles believing himself restored to health and had demanded a return of the deeds from Tietzen we can conceive of no ground upon which the demand could have been resisted. The concluding part of the letter to Tietzen, which counsel agree must be read without any period after the words "until you deliver them," neither aids nor weakens our construction of the first part. The direction to "keep to yourself the names of the parties named in those deeds until you deliver them after I pass in my checks," etc., while they certainly do consist with the idea of that death which is certain to come to every man, were entirely appropriate as referring exclusively to death as the result of the operation about to be performed.

Aside from the letter to Tietzen which, as above stated, contained the only instructions ever given him as to the disposition of the deeds, it was shown by the testimony of numerous witnesses that Moore wished the persons named as grantees in his deeds to have the property therein described, and that his relations to those parties, and his condition and circum-

stances made them the reasonable and meritorious objects of his bounty. There is, moreover, no reason to doubt that he died believing that his deeds in the hands of Tietzen would be sufficient to accomplish his purpose, but his purpose is defeated by the fact that the delivery was not absolute. A technical but inflexible rule of law governing the transfer of real property prevents his intention from being carried out.

We have examined the cases cited by respondent, but do not deem it necessary to review or even to cite them by title. Some of them are cases of delivery of deeds in escrow, which have but little application to a case of this character. In such cases the depositary of the deed becomes the agent and fiduciary of both parties. If the prescribed condition is performed he is obliged to deliver the deed to the grantee; if it is not performed he must return it to the grantor. *Howlin* v. *Castro,* 136 Cal. 605, [69 Pac. 432], and *Keyes* v. *Myers,* 147 Cal. 705, [82 Pac. 304], were cases of delivery in escrow. Such cases as *Gaston* v. *Portland,* 18 Or. 255, [19 Pac. 127], in which it is held that the instructions under which a deed is delivered in escrow may be partly in writing and partly in parol, have no application for the additional reason that in this case all the instructions were in writing. What Moore said to third persons, expressive of his intentions and wishes, cannot be held to modify the reciprocal rights and duties of Moore and Tietzen as defined by the letter of instructions. Such cases as *Crocker* v. *Hall,* 154 Cal. 527, [98 Pac. 269], and *Sprague* v. *Walton,* 145 Cal. 228, [78 Pac. 645], merely hold with respect to gifts of personal property that the intent with which the donor transfers the absolute control of the property to his donee is a question of fact to be proved like other questions of fact by the surrounding circumstances, including the declarations of the donor. They might be in point if the question here was as to Moore's intention to give the land to Mrs. Trott. But of that there is no question. The only question is whether he did what was necessary to carry out his intention, and that depends upon the instruction he gave to Tietzen.

Counsel for respondent urges with apparent seriousness the proposition that the deeds to Mrs. Trott having been found in her possession there is a presumption of delivery to her at their date, which is not rebutted by the evidence in the

case. We think this presumption is not only overthrown by the evidence, but that the specific findings of the court show that the only delivery was that made by Tietzen after Moore's death.

The order of the superior court denying a new trial is reversed.

Sloss, J., Angellotti, J., Shaw, J., Melvin, J., and Henshaw, J., concurred.

Rehearing denied.