[L. A. No. 3433. Department One.—December 3, 1913.]

STEPHEN G. LONG, as Administrator of the Estate of Sarah N. Ryan, Deceased, Respondent, v. MARY N. RYAN et al., Appellants.

DEEDS—DELIVERY TO THIRD PERSON TO HOLD UNTIL DEATH OF GRANTOR. Where a grantor delivers his deed to a third person with directions to hold it during the lifetime of the grantor and upon his death to deliver it to the grantee, intending at the time of the delivery to the custodian to part forever with all right or power thereafter to repossess, retake, or control the deed, such delivery is effectual and valid, and upon the death of the grantor the estate goes, by virtue thereof, to the grantee, who may then compel delivery if necessary.

ID.—DELIVERY MUST BE FREE FROM CONDITIONS.—But it is essential to the validity of such delivery that it be made without any conditions whereby the grantor may again obtain control of the deed.

ID.—CONDITIONAL DELIVERY TO THIRD PERSON TO TAKE EFFECT AT DEATH.—Where a grantor delivers his deed to a trust company, with written instructions to hold it until a specified date, at which time to return it to the grantor if she is then living, and in the event of her death in the mean time, to deliver it to the grantees, the deed is ineffectual to pass title, where the grantor dies prior to the date specified and the depositary then delivers it to the grantees, who record it.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Edwin A. Meserve, Shirley E. Meserve, and J. D. Taggart, for Appellants.

J. B. McLaughlin, for Respondent.

SHAW, J.—The defendants appeal from the judgment and from an order denying a new trial.

The action was brought to annul and cancel a deed purporting to have been executed on July 22, 1905, by the decedent, Sarah M. Ryan, conveying certain parcels of land to her two daughters, the defendants herein. On the day of its date the deed was delivered in a sealed envelope by the grantor to the Title Insurance & Trust Company as custodian with directions for its delivery upon certain contingencies to happen within a fixed period. The contingencies did not happen within the time fixed and there were several extensions made by her. Finally on July 16, 1907, the deed being in the possession of the custodian, she indorsed upon the envelope instructions for delivery, in substance, as follows:

This deed you will hold until July 22, 1910, at which time, if I be then living, you will deliver the same to me, but if I should die in the mean time, you will thereupon immediately upon my death deliver said deed to my daughters Mary N. Ryan and S. Maude Ryan.

On September 26, 1908, she died intestate, leaving surviving as her sole heirs the two daughters aforesaid and one son. Thereafter the custodian delivered the said deed to the daugh-

ters who placed the same of record and now claim title thereunder.

The court found that the grantor did not at any time intend to part with her title to the property described in said deed or with the dominion and control over the deed, during her lifetime, but intended to and did retain control over said deed and the title to said property during her lifetime, and that she intended that the deed should not be delivered and that no title to the property should pass thereunder until after her death. Upon this the court concluded that the deed never was delivered and gave judgment that it be canceled.

It has been many times declared by this court that where the owner of land signs a deed therefor to one person and thereafter delivers such deed to a third person, with directions to such third person to hold the same during the lifetime of such grantor and upon the grantor's death to deliver it to the grantee, intending at the time of such delivery to the custodian to part forever with all right or power thereafter to repossess, retake, or control the deed, such delivery is effectual and valid, and upon the death of the grantor the estate goes, by virtue thereof, to the grantee, who may then compel delivery, if necessary. (*Bury* v. *Young,* 98 Cal. 446, [35 Am. St. Rep. 186, 33 Pac. 338]; *Wittenbrock* v. *Cass,* 110 Cal. 1, [42 Pac. 300]; *Ruiz* v. *Dow,* 113 Cal. 494, [45 Pac. 867]; *Kenney* v. *Parks,* 125 Cal. 150, [57 Pac. 772]; *Schuur* v. *Rodenback,* 133 Cal. 88, [65 Pac. 298]; *Howlin* v. *Castro,* 136 Cal. 605, [69 Pac. 432]; *Canale* v. *Copello,* 137 Cal. 24, [69 Pac. 698]; *Wilhoit* v. *Salmon,* 146 Cal. 446, [80 Pac. 705]; *Keyes* v. *Meyers,* 147 Cal. 704, [82 Pac. 304]; *Estate of Cornelius,* 151 Cal. 550, [91 Pac. 329]; *Moore* v. *Trott,* 156 Cal. 355, [134 Am. St. Rep. 131, 104 Pac. 578]; *Husheon* v. *Kelley,* 162 Cal. 660, [124 Pac. 231].)

But these decisions declare that it is essential to the validity of such delivery that it shall be made without any conditions whereby the grantor may again obtain control of the deed. In *Bury* v. *Young* the court says: "The essential requisite to the validity of a deed transferred under circumstances as indicated in this case, is that when it is placed in the hands of the third party, it has passed beyond the control of the grantor for all time." And, again, "There are well considered cases holding that, even though the grantor delivers the deed to the

depositary, reserving the right to recall it, yet if he dies without recalling it, and the deed is then delivered, that such delivery is complete and entire, and carries title. We are not disposed to indorse that doctrine." In *Wittenbrock* v. *Cass,* referring to *Bury* v. *Young,* the court said: "It was further held that the essential requisite to the validity of a deed transferred under such circumstances, is that when placed in the hands of a third party it has passed beyond the control of the grantor for all time." In *Moore* v. *Trott* the court, referring to the delivery to a third person, says that such delivery is valid, "provided always—and this is the essential condition of the validity of such transfers—that the delivery is absolute so that the deed is placed beyond the power of the grantor to recall it or control it in any event."

The present case cannot be distinguished in principle from *Kenney* v. *Parks,* 125 Cal. 150, [57 Pac. 772]. There the husband signed and acknowledged a deed purporting to convey land to his wife and delivered it to a third person, with directions that if his wife should survive him, the deed should be delivered to her, but with the intent that if he survived his wife, the deed was not to pass the title and was to be returned to him. This intent was not expressed in the written directions, but the court held that it was necessarily implied and, as a consequence, that the husband did not part absolutely and unconditionally with all control over the deed and that it was not valid. In the present case the intent that the title should not pass upon the condition of the survival of the grantor until after July 22, 1910, was expressed in the writing itself. Her intent, therefore, must have been that upon that contingency there should be no delivery of the deed and that it should be ineffectual to pass title, but that such title was to remain vested in the grantor. This sustains the finding of the court aforesaid and establishes the fact that there was no valid delivery of the deed within the rule established by the cited decisions. The contention that the finding aforesaid is not sustained by the evidence is based solely upon the theory that it was made upon an erroneous construction of the effect of the written directions given by the grantor to the custodian. We think the court could not have construed them otherwise and that this finding was correct.

The appellants in their reply brief urge that the court erred in its rulings upon the evidence during the trial. We do not find it necessary to consider these points. The alleged errors do not at all affect the facts upon which our conclusion is based and which necessarily control the decision of the case.

The judgment and order are affirmed.

Angellotti, J., and Sloss, J., concurred.