[Civ. No. 6459.   Third Appellate District.—November 20, 1940.]

RITA INEZ ROTHNEY, as Administratrix, etc., Plaintiff and Appellant, v. GEORGE ROTHNEY, Defendant and Appellant.

Butler, Van Dyke & Harris, Homer Lingenfelter and Arthur S. Powell for Plaintiff.

Hewitt & McBride, Brobeck, Phleger & Harrison and Moses Lasky for Defendant.

THOMPSON, J.—This is an appeal on behalf of both plaintiff and defendant from a judgment entered in this suit to quiet title.

The plaintiff is the administratrix of the estate of Kenneth Rothney, deceased. This suit was brought claiming the right to possession of an undivided one-half interest in and to certain real property which is the subject matter of this action. The defendant, George Rothney, the father of Kenneth, the deceased, denies that plaintiff has any right, title or interest in such real property.

The facts concerning this action are not in dispute and may be briefly stated as follows: The wife of George Rothney and the mother of Kenneth, owned the realty involved as separate property. Upon her death, George and Kenneth took title to this property by succession as tenants in common. Father and son agreed that the property should re-

main as a unit in their family, and sought to secure that result without the necessity of probating the estate in the event of the death of either party. It was intended that the property should belong unconditionally to the survivor. No plan was agreed upon between Mr. Rothney and his son, but for the purpose of accomplishing their desire, they went to their attorney. The attorney was informed that they desired the property to belong to the survivor at the death of either of them. The attorney was then requested to prepare deeds or instruments to effectuate the desired result. Two deeds were accordingly prepared under the direction of the attorney. The respective deeds were signed and acknowledged at that time. A letter of instruction, addressed to himself, was also prepared at that time by the attorney. The two deeds and the letter of instructions were then handed to the attorney, placed in an envelope and deposited in a safe in his office. It was understood between George and Kenneth Rothney and their attorney that the instruments should remain in the safe until the death of either George or Kenneth, and that when one or the other died, the deed running from the deceased to the survivor should be handed to the survivor. There was no instruction or agreement respecting the disposition of the other deed. Apparently there was no discussion in regard to this other deed.

The foregoing transaction between George and Kenneth Rothney and their attorney took place on the 11th day of February, 1930, in the office of the attorney. On the following day, Kenneth Rothney was married to the plaintiff in this action. A daughter was born to them on March 4, 1931. Kenneth Rothney, the son, died July 20, 1938, at Sacramento. Shortly thereafter George Rothney called upon their attorney, who gave instructions for delivery of the proper deed to the father. Pursuant to the letter of instructions the deed from Kenneth to his father was handed to Mr. Rothney. There is no evidence regarding the disposition of the other deed. Apparently it remained in the safe.

The deeds running to George and Kenneth Rothney, respectively, purported to convey the undivided one-half interest which each party held as a tenant in common. There were no restrictions, reservations or conditions appearing in the deeds themselves. As to the respective interests held by each party, the deeds purported to grant an unconditional

fee.   The written instructions, accompanied by the deeds, prepared by the attorney and deposited in the safe, read as follows:

"Marysville, California.

February 11th, 1930.

Mr. Warren Steel,

    Attorney at Law,

        Marysville, California.

Dear Sir:

We, the undersigned, hand you herewith two deeds, dated this day, conveying certain real property in the County of Sutter, State of California, from each of us to the other.

These deeds you are instructed to place in your safe and hold them, with the further instruction that you are to deliver either of the deeds to the one of us which survives the other.

Very truly yours,

GEORGE A. ROTHNEY

KENNETH G. ROTHNEY."

The judgment of the lower court fails to support the contentions made by either party.   The plaintiff claims a right of title in herself and daughter to the undivided one-half interest held by Kenneth, upon the theory that the deeds running from George and Kenneth were never legally delivered, and that the interest held by Kenneth at the time of his death passed by right of succession to plaintiff and her daughter.   The defendant takes the position that the parties, George and Kenneth Rothney, intended an immediate delivery of the deeds and conveyance of title of their respective interests in the property, to each other, such interests being vested but dependent upon survivorship of the grantees.   The property interest so conveyed, according to the contention of the defendant, is termed a vested contingent remainder.   It is contended that both grantees received a vested interest in the property which was to become absolute upon the death of the grantor; that the interest held by the deceased grantor would accordingly terminate or divest in favor of the survivor.   Defendant's position, if well taken, thus leads to the conclusion that George Rothney, the survivor, is entitled to the entire property as owner in fee.   It is requested that the court reform the deeds to show the true intent of the parties,

and that such reformed deeds be enforced so as to quiet title to the entire property in defendant, George Rothney.

The trial court concluded that the deeds deposited by the parties did effect a present passing of title. It was decreed, however, that a life estate was reserved by each grantor, and that the death of Kenneth terminated any and all interest which Kenneth originally had in the property described under the deed from himself to his father. As to the one-half interest described in the deed from George to Kenneth, it was determined this property passed to Kenneth and his heirs and assigns, subject to a life estate in George Rothney.

The primary consideration before this court is the determination as to whether any transfer of title was effected by the transaction which took place between the parties on February 11, 1930. If, under the circumstances presented, it be concluded that no transfer of title took place between George and Kenneth Rothney, there is no necessity for considering the request to reform the deeds. ■ An effective deed, transferring title, requires that there be a grantor, a grantee, delivery of the instrument and acceptance thereof. We are concerned only with the requirement of delivery.

■ Delivery is a question of fact which is to be determined from the circumstances surrounding the particular transaction. The intention to pass immediate and irrevocable title to the property interest is the essential fact for consideration.

■ It should be stated that there is a vital distinction between the use of the term delivery, which might simply designate the mere transfer of physical custody or possession of the deed, and the use of the term in legal contemplation as constituting the necessary delivery required for ''execution'' of a deed. This distinction must be kept in mind in considering the circumstances presented by this action.

■ A consideration of the attendant circumstances leading up to and transpiring at the time of the preparation of the deeds and their deposit with the attorney, together with a consideration of the written instructions which were acquiesced in by the parties to the deeds, and which instructions unquestionably conformed to the wishes of George and Kenneth Rothney, leads to the definite conclusion that there was a failure of delivery of the instruments. There having been a failure of delivery, neither George Rothney nor Kenneth Rothney conveyed any interest in the property to each other.

■ In many cases the intention to pass an immediate and irrevocable title, which is necessary for a valid delivery, is plainly indicated, while in other cases where the intent is of necessity inferred from equivocal circumstances the problem becomes most difficult. In the present case, the facts presented, which include the specific written instructions, clearly negative an intention on the part of either George or Kenneth Rothney to pass a present interest in their property. As stated, the act of delivery must be completed with the intention to pass a present interest in the property, and is a necessary element even though the conveyance is conditional in its provisions. A grantor may insert reservations or conditions in the deed itself which limit the estate granted, even reserving the right to revoke the instrument or sell the property conveyed, but the necessity of an intention to pass a present interest to the grantee at the time of the delivery of the deed is not dispensed with because of the nature of the interest conveyed. (*Tennant* v. *John Tennant Memorial Home,* 167 Cal. 570 [140 Pac. 242].) ■ Consequently, even though a separate written instruction may be effective as a limitation upon the estate granted under a deed absolute on its face and not regarded solely for the purpose of determining the necessary intention required for delivery, which is questionable, the instruction itself in the present case prevents the conveyance of a present interest under either deed. The instructions called for the delivery of "either of the deeds" to the survivor. At that time it was not known which one of the deeds would be claimed, as both parties were alive and only the deed prepared in favor of the survivor was to be delivered. No provision was made for the disposal of the other deed. It is uncontradicted that the parties intended, as evidenced by the testimony of George Rothney and their former attorney, that the entire property should be owned by the survivor. The evidence fails to support a conclusion that the parties intended to convey any present interest with reservation of a life estate. The evidence also fails to support the theory of the defendant; that is that the parties intended to create contingent remainders with life estates reserved. The stated intention of the parties, as expressed in the written instructions, called for the delivery of only one of the deeds. Clearly, it was not intended that any interest should pass under the other deed or the parties would not have used the term "either" in

reference to the deed which should be delivered. By the use of the term "either" the parties have conditioned the passing of title under both deeds and consequently it is impossible to conclude that a valid delivery necessary to the execution of a deed was effective so as to pass any property interest.

The evidence introduced at the trial of this action fails to support a conclusion that any property interest passed by deed between either George or Kenneth Rothney. We assume that the citing of authority upon that subject is unnecessary. Nevertheless, there are two cases in which opinions rendered by the Supreme Court do by analogy definitely support our conclusion in that regard. In *Stone* v. *Daily*, 181 Cal. 571 [185 Pac. 665], the written instructions in regard to the disposition of the deed were in effect quite similar to the instructions under consideration in the present suit. The instructions in the Stone case, which were prepared by an attorney, read as follows:

"We, George L. Daily and Rebecca J. Daily, husband and wife, do hereby deposit this sealed envelope and its contents in the Bank of Lake, at Lakeport, Cal., and we and each of us do hereby instruct the said Bank of Lake to hold the said envelope and its contents so long as we may live; and during such time not to deliver the same to either of us nor to any other person, nor suffer the seals to be broken; upon the death of either of us to deliver the same to the survivor on demand.

Dated, January 11, 1900."

The court held there was a failure of delivery of the deed, even though, according to the testimony given at the trial, Mrs. Daily, prior to the time of the deposit of the deed with the bank, handed the deed to Mr. Daily, saying, "Here, George, is the deed, and now the property is your's." The court used the following language at page 574 of the opinion in determining the effect of the written instruction:

"Upon the foregoing facts it is plain that if the delivery which must be relied on in order to make the deed effective was the final delivery to the bank under the instructions indorsed upon the envelope, there was no such absolute delivery as must exist in order to give the instrument life. The instructions on the envelope determine the character of the delivery, and make it one conditional upon Daily surviving his wife. If he did not survive her, the deed was to be returned to her and the purpose for which this provision for a return to the grantor was made was very *evidently* that the

deed should not take effect in the event of the grantee dying before the grantor.''

The provision for the return of the deed to the survivor in the Stone case prevented an absolute delivery, just as the provision for delivery of ''either of the deeds'' precluded an absolute delivery in the present suit. The provision for delivery of ''either of the deeds'' to the survivor obviously presumes that the other deed shall be ineffective. In fact, a delivery of the deed in the Stone case could more readily be upheld than a determination of delivery in the present case, as the instructions under consideration in the present suit call for delivery of ''either of the deeds'', and at the time of the transaction on February 11, 1930, it was impossible for either George or Kenneth Rothney to have then had the intention to presently convey title. It was not known at that time which deed would be delivered in conformity with the instructions.

The other case presenting the situation of delivery of a deed conditioned upon survivorship is *Long* v. *Ryan,* reported in 166 Cal. 442 [137 Pac. 29]. The instructions for delivery in that case read as follows:

''This deed you will hold until July 22, 1910, at which time, if I be then living, you will deliver the same to me, but if I should die in the meantime, you will thereupon immediately upon my death deliver said deed to my daughters, Mary N. Ryan and S. Maude Ryan.'' .

The instructions were construed by the court, at page 445 of the opinion, as follows:

''In the present case the intent that the title should not pass upon the condition of the survival of the grantor until after July 22, 1910, was expressed in the writing itself. Her intent, therefore, must have been that upon that contingency there should be no delivery of the deed, and that it should be ineffectual to pass title, but that such title was to remain vested in the grantor.''

It is our opinion that the transaction of February 11, 1930, fails to disclose any intention on the part of either George or Kenneth Rothney to pass a present interest in their respective properties, and that the written instructions prepared at that time, which conformed to their wishes, precluded any possibility of the passing of a present interest under either deed. We also believe that the cited cases are

controlling and dispel any doubt as to the invalidity of the delivery of the deeds in the present suit.

There having been a failure to pass title or interest under the respective deeds of either George or Kenneth Rothney, there is no need to discuss the application for reformation of deeds.

The judgment is reversed and the trial court is directed to enter a decree granting immediate possession of the real property described in the complaint to the appellant, Rita Inez Rothney, as administratrix of the estate of Kenneth Rothney, deceased, for the purpose of administration, and that Rita Inez Rothney and her daughter Mary Adella Rothney be adjudged to be the owners in fee of the undivided one-half interest in said property as heirs at law of said deceased, free and clear of any right, title or interest therein which is claimed by the defendant George Rothney.

Tuttle, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 20, 1940, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 16, 1941. Shenk, J., and Houser, J., voted for a hearing.