[Civ. No. 8906. Fourth Dist., Div. Two. Aug. 27, 1968.]

LAWRENCE D. CLARK, Plaintiff and Respondent, v. CHARLES H. CARTER, as Special Administrator, etc., Defendant and Appellant.

Carter, Coudures & Courtney and Norman P. Courtney for Defendant and Appellant.

Arthur R. Seidler for Plaintiff and Respondent.

KERRIGAN, J.—The plaintiff, Lawrence D. Clark, is the surviving husband of Lottie R. Clark, deceased. The defendant, Charles H. Carter, is the special administrator of the deceased spouse's estate. Prior to the wife's demise, the Clarks acquired, in 1964, as joint tenants, a promissory note secured by deed of trust in the principal sum of $34,700, upon which a balance remained due of $31,444.96 at the date of death. By deed dated February 25, 1964, and recorded April 1, 1964, they purchased, as joint tenants, a parcel of real property near the City of Corona, in Riverside County.

On February 7, 1966, the day before she died, Lottie R. Clark executed two instruments: (1) A quitclaim deed of an undivided one-half interest in the said real property from herself, as grantor and as a joint tenant, to herself, as grantee and as a tenant-in-common, and (2) an assignment of an undivided one-half interest in the aforesaid deed of trust from herself, as assignor and as a joint tenant, to herself, as assignee and as a tenant-in-common. She gave the conveyances to her attorney for recording purposes before she passed away the following day. Both documents were recorded on February 11, 1966. She intended, and the trial court so found, to terminate the joint tenancy in the real property and in the deed of trust by executing the foregoing instruments. The assignment and quitclaim deed were effected without the husband's knowledge or consent. On May 9, 1966, he filed an affidavit terminating the joint tenancy interests which he believed existed in the aforesaid real property and deed of trust.

Upon discovering that his wife had executed and caused the recordation of the deed and assignment, plaintiff filed an action for declaratory relief and to quiet title against the defendant. The matter was submitted to the trial court on the basis of a stipulated statement of facts. The court expressly determined that the defendant, in his representative capacity, had no interest in the real property and the note and deed of trust, and further found that plaintiff was the sole owner of the real property and the promissory note secured by the trust deed. The court ruled, in effect, that the quitclaim deed was not a valid conveyance and that the assignment was similarly ineffective.

 The defendant's attack on the trial court's findings and judgment is stated in varying forms. However, his basic position is that the joint tenancy in the real property and deed of trust was terminated as a matter of law by reason of the execution and recording of the deed and assignment.

For the creation of a joint tenancy, four elements are required: (1) unity of interest; (2) unity of title; (3) unity of time; and (4) unity of possession, and the absence of any one of such unities will change the nature of the estate. (*McDonald* v. *Morley*, 15 Cal.2d 409, 412 [101 P.2d 690, 129 A.L.R. 81]; *Siberell* v. *Siberell*, 214 Cal. 767, 771 [7 P.2d 1003].) "So long as these unities exist the right of survivorship is an incident of the tenancy and upon the death of one joint tenant the survivor becomes the sole owner in fee by right of survivorship and no interest in the property passes to the heirs, devisees or personal representative of the joint tenant first to die." (*People* v. *Nogarr*, 164 Cal.App.2d 591, 593 [330 P.2d 858, 68 A.L.R.2d 992].)

"An estate in joint tenancy can be severed by destroying one or more of the necessary unities, either by operation of law, by death, by voluntary or certain involuntary acts of the joint tenants, or by certain acts or omissions of one joint tenant without the consent of the other." (*Swartzbaugh* v. *Sampson*, 11 Cal.App.2d 451, 454 [54 P.2d 73].)

Indisputably, one of the incidents of a joint tenancy is that either joint tenant may convey his separate estate by way of gift or otherwise, without the approval or consent of the other joint tenant, and upon such conveyance, the joint tenancy is terminated. (*Delanoy* v. *Delanoy*, 216 Cal. 23, 26 [13 P.2d 513].) Similarly, if there are only two joint tenants, a conveyance by one of them of all of his interest in the property to the other terminates the tenancy. (*Estate of Harris*, 9 Cal.2d 649, 659 [72 P.2d 873].) A joint tenancy is terminated by a voluntary conveyance by a tenant to a stranger or to his cotenant, by a judgment in partition, or by an execution sale. (*Hammond* v. *McArthur*, 30 Cal.2d 512, 514-515 [183 P.2d 1].) A joint tenancy is likewise severed when one joint tenant transfers his entire interest in the estate to a trustee for the use and benefit of the grantor. (*Reiss* v. *Reiss*, 45 Cal.App.2d 740, 746-747 [114 P.2d 718].)

However, a mortgage or trust deed unilaterally placed upon joint tenancy property by one of two joint tenants does not destroy the unity of possession and, consequently, the mortgage or trust deed beneficiary may *not* enforce the security after the death of the joint tenant executing the security device. (*People* v. *Nogarr, supra,* 164 Cal.App.2d 591, 594; *Hamel* v. *Gootkin,* 202 Cal.App.2d 27, 29 [20 Cal.Rptr. 372].)

Furthermore, although a joint tenancy deed is not conclusive as to the character of real property, it creates a rebut-

table presumption that it is held in joint tenancy, and such presumption cannot be overcome by testimony in a divorce action of the hidden intentions of one of the parties, but only by evidence tending to prove a common understanding or an agreement that the character of the property was to be other than joint tenancy. (*Machado* v. *Machado*, 58 Cal.2d 501, 506 [25 Cal.Rptr. 87, 357 P.2d 55].) ■ The filing of a partition action for the purpose of terminating a joint tenancy is not sufficient to terminate the relationship in the event the joint tenant filing the action in partition dies before the granting of the judgment. (*Dando* v. *Dando*, 37 Cal.App.2d 371, 372-373 [99 P.2d 561]; *Teutenberg* v. *Schiller*, 138 Cal. App.2d 18, 22 [291 P.2d 53].)

■ Defendant maintains that inasmuch as a joint tenancy may be *created* by one sole owner granting to himself and another, conversely, a joint tenancy should be *terminable* by a transfer by one joint tenant to himself as a tenant-in-common. It has long been the rule that a joint tenancy may be created by the owner conveying to an intermediary who, in turn, conveys to the grantor and another. (*Hill* v. *Donnelly*, 56 Cal.App.2d 387, 393 [132 P.2d 867].) However, since amendment of the Civil Code in 1935, the process of conveying to an intermediary has no longer been necessary inasmuch as a joint tenancy may be created by a transfer by a sole owner to himself and another, providing the instrument declares the transfer to be in joint tenancy. (Civ. Code, § 683.) To *create* a joint tenancy in a husband and wife, it is not necessary that the property be first granted to a third party who subsequently grants back to the husband and wife, as joint tenants. (*Donovan* v. *Donovan*, 223 Cal.App.2d 691, 697 [36 Cal.Rptr. 225].) Consequently, defendant urges it should no longer be required that a joint tenant should have to engage in the legal fiction of transferring his or her interest in the property to an intermediary, who then reconveys the same property back to the grantor as a tenant-in-common, in order for the joint tenancy to be *terminated*.

. ■ However, under California law, a transfer of property presupposes participation by at least two parties (see *Commercial Discount Co.* v. *Cowen,* 18 Cal.2d 610, 614 [116 P.2d 599]), namely, a grantor and a grantee. (*Rothney* v. *Rothney,* 41 Cal.App.2d 566, 570 [107 P.2d 294].) Both are essential to the efficacy of a deed, and they cannot be the same person. (15 Cal.Jur.2d, § 49, pp. 499-450.) A transfer of prop-

erty requires that title be conveyed by one living person to another. (Civ. Code, § 1039.)

In the recent case of *Burke* v. *Stevens*, 264 Cal.App.2d 30, 35 [70 Cal.Rptr. 87], the court impliedly recognized the need for a separate grantor and grantee when it held that a wife had effectively terminated her joint tenancy interest through a deed of her interest to a third party, even though the conveyances by the wife were effected without the knowledge and consent of her husband, who was the remaining joint tenant; the reviewing court noted that the wife had complied with the requisite steps to terminate the joint tenancy inasmuch as she had executed a power of attorney designating her counsel as her attorney-in-fact, with the specific right and duty to terminate the joint tenancy; in compliance with the authority thus conferred, the attorney conveyed the wife's interest in the property by an unacknowledged and unrecorded deed to a third party attorney, who later reconveyed the interest back to the wife, thereby serving the joint tenancy.

Foreign authority also exists to the effect that a person cannot convey to himself alone, and if he does so, he still holds under the original title. (26 C.J.S, *Deeds,* § 13, p. 600; *Strout* v. *Burgess,* 144 Me. 263 [68 A.2d 241, 247, 12 A.L.R.2d 939].)

Similarly, it was the common law rule that in every property conveyance there be a grantor, a grantee, and a thing granted. (*Woolard* v. *Smith,* 244 N.C. 489 [94 S.E.2d 466, 468]; *Duffield* v. *Duffield,* 268 Ill. 29 [108 N.E. 673, 675, Ann. Cas. 1916D 859]; *Deslauriers* v. *Senesac,* 331 Ill. 437 [163 N.E. 327, 329, 62 A.L.R. 511].) Moreover, the grantor could not make himself the grantee by conveying an estate to himself. (*Deslauriers* v. *Senesac, supra.*)

Manifestly, since a grantor and grantee cannot be the same person, it necessarily follows that the joint tenancies in the case under review could not be terminated by the mere expedient of transferring title to one's self.

Irrespective of the intention of the grantor, the conveyances were void as being in derogation of the common law and California statutory law.

Judgment affirmed.

McCabe, P. J., concurred.