[Sac. No. 1555. Department One.—July 24, 1907.]

In the Matter of the Estate of H. P. CORNELIUS, Deceased. S. B. SMITH, Administrator of the Estate of Margaret Cornelius, Deceased, et al., Appellants.

DEED—DELIVERY TO THIRD PERSON FOR DELIVERY TO GRANTEES AT DEATH OF GRANTOR—INTENT QUESTION OF FACT.—Where a grantor, while very ill and expecting to die presently, signed and acknowledged a deed purporting to convey certain property to her stepsons, and delivered it to a third person, with instructions at the time of delivery to keep it until after her death and then to give it to the grantees, the question of the intent of the grantor to make an absolute delivery of the deed to such depositary is one of fact, to be decided largely by inference from the circumstances occurring at the time, and the decision of the trial court, under such circumstances, that the delivery was absolute, is conclusive on appeal.

ID.—DEPOSITARY IS TRUSTEE—UNAUTHORIZED REDELIVERY TO GRANTOR.— Under such circumstances, upon the delivery of the deed to the depositary it became an executed conveyance for the grantees. The depositary thereafter held it for them as their trustee and for the grantor as her trustee. His duty to her was to withhold it from the grantees during her lifetime, and thus preserve to her in effect a life estate in the property, while his duty to the grantees was to hold it in his possession until her death and then deliver it to them. His redelivery of the deed to the grantor without the consent of the grantees did not affect the validity of the deed nor deprive them of their prospective estates in the property.

APPEAL from a decree of the Superior Court of Sacramento County distributing the estate of a deceased person. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

S. Solon Hall, for Appellants.

The intent of the grantor is the important question to be determined. (*Hibbard* v. *Smith*, 67 Cal. 547, 56 Am. Rep. 726, 4 Pac. 473, 8 Pac. 46; *Ruiz* v. *Dow*, 113 Cal. 497, 45 Pac. 867; *Dean* v. *Parker*, 88 Cal. 283, 26 Pac. 91.)

Hopkins & Hinsdale, for Respondents.

The intention of the grantor is to be determined from the surrounding circumstances. (*Bury* v. *Young*, 98 Cal. 446, 35 Am. St. Rep. 186, 33 Pac. 338; *Prutsman* v. *Baker*, 30 Wis. 650, 11 Am. Rep. 592.) Such intention is not to be determined by anything the grantor may say or do after the deed has been placed in the hands of the third party. (*Bury* v. *Young*, 98 Cal. 446, 35 Am. St. Rep. 186, 33 Pac. 338; *Ord* v. *Ord*, 99 Cal. 523, 34 Pac. 83; *Emmons* v. *Barton*, 109 Cal. 662, 42 Pac. 303; *Squires* v. *Summers*, 85 Ind. 252.)

SHAW, J.—Appeal from an order distributing the estate of H. P. Cornelius, deceased. The question presented concerns only the distribution of the interest in the estate which upon the death of the deceased descended to his widow, Margaret Cornelius.

After the death of her husband she signed and acknowledged a deed purporting to convey to her two stepsons, Robert P. Cornelius and John B. Cornelius, her interest in said estate and delivered it to Charles V. Bartholomew, telling him at the time to keep it until after her death and then to give it to the grantees. She was at that time very ill and expecting to die presently. She recovered from that illness and lived more than three years thereafter. Two years and six months thereafter, Bartholomew, of his own volition and without any request from her, and without the knowledge or consent of the grantees, delivered the deed to her, and some four months

thereafter she destroyed it. The court finds from the evidence that, at the time of the delivery to Bartholomew, Margaret Cornelius parted with all dominion and control over the deed and reserved no right to recall or alter it.

The intent of the grantor to make an absolute delivery of the deed to Bartholomew is a question of fact to be decided largely by inference from the circumstances proved to have occurred at the time. The decision of the court below in regard to this fact is, under the evidence in the case, conclusive.

Upon the facts stated the deed became an executed conveyance upon the delivery to Bartholomew for the grantees. He was thereafter holding for them as their trustee, and for the grantor as her trustee. His duty to her was to withhold it from the grantees during her lifetime and thus preserve to her, in effect, a life estate in the property. His duty to the grantees was to hold the deed in his possession until her death and then deliver it to them. His delivery of the deed to the grantor without their consent did not affect the validity of the deed nor deprive them of their prospective estate in the property. (Civ. Code, secs. 1057, 1058.) The principles governing this case are fully discussed and decided in *Bury* v. *Young*, 98 Cal. 446, [35 Am. St. Rep. 186, 33 Pac. 338]. The grantor in that case endeavored to defeat the grant by an unsuccessful attempt to regain possession of the deed and by devising the property to another. This difference in the facts does not distinguish that case from the present one. If, after such a conveyance is so delivered that the grantor has no dominion or control over it or right to recall it, he gains possession of it and wrongfully destroys it, there can be no doubt that he cannot profit by his wrongful act nor deprive the grantees of their interest thereby, without their consent. The doctrine applicable to the case is further illustrated by the decisions in *Ruiz* v. *Dow*, 113 Cal. 490, [45 Pac. 867] ; *Wittenbrock* v. *Cass*, 110 Cal. 1, [42 Pac. 300] ; and *Keyes* v. *Meyers*, 147 Cal. 702, [82 Pac. 304]. The cases of *Standiford* v. *Standiford*, 97 Mo. 231, [10 S. W. 836], and *Williams* v. *Latham*, 113 Mo. 165, [20 S. W. 99], are to the same effect as *Bury* v. *Young*, *supra*. There are inconsistent cases in other states, but the rule in this state is settled by the decisions above cited.

The part of the decree of distribution appealed from is affirmed.

Sloss, J., and Angellotti, J., concurred.