[L. A. No. 1989. In Bank.—February 10, 1908.]

In the Matter of the Estate of EDSON G. WOODARD, Deceased.

ESTATE OF DECEASED PERSON—COLLATERAL INHERITANCE TAX DETERMINED BY ACT IN FORCE AT DEATH.—The amount of a collateral inheritance tax to be paid by those succeeding to the estate of a deceased person is to be determined by the statute in force at the time of the death of the deceased.

APPEAL from an order of the Superior Court of San Diego County fixing a collateral inheritance tax, and from an order distributing the estate of a deceased person. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

Cassius Carter, and Albert Schoonover, for Appellant.

THE COURT.—This is an appeal by George F. Schwartz, as county treasurer of the county of San Diego, from two orders of the superior court, one settling the final account of the administrator with the will annexed of the estate of deceased, and the other decreeing final distribution. No brief on behalf of respondent has been filed. Under the will of deceased, his brother was entitled to the whole estate, and the sole question presented by counsel for the appellant is, to what act of the legislature must we look to determine the amount of collateral inheritance tax to be paid by those succeeding to the estate? That question is answered by two decisions of this court (*Estate of Stanford*, 126 Cal. 112, [54 Pac. 259, 58 Pac. 462]; *Trippet* v. *State*, 149 Cal. 526, [86 Pac. 1084]). It is the act in force at the time of the death of the deceased that must govern. At the time of the death of the deceased, the act in force was that of March 20, 1903 (Stats. 1903, p. 268), under the provision of which the tax upon property passing to a brother was five per cent. The lower court erroneously proceeded upon the theory that the act of 1905 (Stats. 1905, p. 341), which fixed such tax at one and one-half per cent, was applicable.

The orders appealed from are reversed and the cause remanded.