[S. F. No. 4596. In Bank.—March 13, 1908.]

In the Matter of the Estate of ELIZABETH HEWLETT MARTIN, Deceased. JOHN Q. HEWLINGS et al., Appellants, v. STATE OF CALIFORNIA, Respondent.

ESTATES OF DECEASED PERSONS—COLLATERAL INHERITANCE TAX—VESTED RIGHT OF STATE—REPEAL OF LAW INOPERATIVE.—The right of the state to the tax on collateral inheritance, bequests, or devises provided for in the act approved March 25, 1893, and its amendments while in force, vested immediately upon the death of the ancestor, or testator, and its vested rights thereunder to collect or receive any unpaid taxes could not be affected by the repeal of that act and its amendments by the Collateral Inheritance Tax Act of March 20, 1905.

ID.—CONSTITUTIONAL LAW—PROTECTION OF RIGHTS OF STATE.—Under the limitations prescribed by section 31 of article IV of the constitution, it is not within the power of the legislature, either by the repeal of the law in virtue of which the right of the state to the tax in question vested, or by any other means, to grant or donate it to the successor in estate, or to any other person.

ID.—FORMER PROCEDURE INSERTED IN REPEALING ACT NOT REPEALED.—Notwithstanding the express repeal of the act of 1893 and its amendments, the object of the act of 1905 is merely to establish a different amount of taxation and to make it applicable to different persons; and, in so far as provisions of procedure under the former act are found substantially embodied in the latter, they must be deemed mere amendments, within the scope of section 325 of the Political Code, providing that portions of statutes not altered are to be deemed a law from the time when they were first enacted, and such portions apply to taxes previously assessed, the same as if there were no repealing clause in the new act.

ID.—RE-ENACTMENT NEUTRALIZING REPEAL.—Where there is an express repeal of a statute, and at the same time a re-enactment of a portion of its provisions, such re-enactment neutralizes the repeal, in so far as the old law is continued in force; and, in such case, the part of the old law re-enacted operates without interruption.

CLIII Cal.—15

APPEAL from an order of the Superior Court of Santa Clara County directing payment of a collateral inheritance tax. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

S. F. Lieb, for Appellants.

U. S. Webb, Attorney-General, James H. Campbell, District Attorney, and C. M. Lorigan, for Respondent.

SHAW, J.—Elizabeth Hewlett Martin, a resident of this state, died in the county of Santa Clara on January 2, 1905, leaving a valuable estate. By the terms of her will, which was duly probated, she bequeathed to each of the appellants a sum of money greater than five hundred dollars, amounting in the aggregate to $38,415.21. None of the appellants was related to the deceased in a degree nearer than that of brother, and, hence, the legacy came within the terms of the act of 1903 (Stats. 1903, p. 268), amending section 1 of the act imposing a tax on inheritance devises and legacies. Section 27 of an act approved March 20, 1905, which took effect July 1, 1905 (Stats. 1905, p. 350), purports to repeal, unconditionally, the act of 1893 providing for a succession tax and all the subsequent amendments thereto, including that of 1903 above mentioned. In due course of administration of the estate a decree of distribution thereof was rendered by the superior court of Santa Clara County on February 2, 1906, declaring that the appellants respectively were the owners of and entitled to receive the legacies bequeathed to them as aforesaid, subject to whatever inheritance tax might be due thereon. Subsequently, on March 2, 1906, upon due notice, the court made an order directing the executor of the estate to deduct from each of said legacies a sum equal to five per cent thereof, as and for a succession tax thereon, and to pay said sums so deducted to the county treasurer. This appeal is taken from that order.

The appellants ask us to overrule the decisions of this court in the *Estate of Stanford,* 126 Cal. 112, [54 Pac. 259, 58 Pac. 462], and *Trippet* v. *State,* 149 Cal. 521, [86 Pac. 1084], and declare that the repeal of the Collateral Inheritance Tax

Law of 1893, and its amendments, by the act of 1905, operated to deprive the state of the right to collect or receive all succession taxes, accrued under the former law, which had not been paid or ordered to be paid to the state at the time the repeal took effect, on July 1, 1905. The briefs filed for the appellants in *Trippet* v. *State,* 149 Cal. 521, [86 Pac. 1084], are referred to by counsel and made to constitute the argument on behalf of the appellants in this case. No additional points are presented. Even if we were disposed to doubt the soundness of those decisions, and were to concede that vested rights would not be affected by overruling them, we would hesitate to overrule decisions so well and thoroughly considered as those mentioned. But after again considering the arguments presented, we are satisfied that the conclusion reached in those cases is correct.

The argument of the appellants is that the decision in *Trippet* v. *State* is based wholly on the authority and reasoning of the opinion in *Estate of Stanford,* and that the conclusion in the Stanford case was founded solely upon the proposition that the effect of the law of 1893 and its amendments was to provide for the succession to property upon the death of the owner, and not to establish a tax. And this proposition, it is claimed, is false for two reasons: 1. Because the language of the statute does not permit that construction, and, 2. Because, if it did, the title of the act would not include the subject and the act would be void. It is further argued that the law does not in fact provide for a tax, the right of the state thereto does not vest until payment, or until a judicial order has been made for the payment, and that a repeal of the law before either event, as in the present case, extinguishes the inchoate right of the state to the unpaid tax.

The opinion in *Estate of Stanford* does not have the effect claimed. It does not hold that law in question provides that the state shall succeed as an heir in certain classes of cases to five per cent of the property of the decedent. Some of its phraseology may perhaps be consistent with such an idea, if taken separately from the context, but the real meaning and effect of the decision is that the law establishes a succession tax in certain cases, and that the right of the state to such tax vests immediately upon the death of the ancestor or testator, and, hence, that the repeal of the law does not affect

the right of the state to the tax. The law, in effect, created a lien in favor of the state on the property for the amount of the tax thereon. This right to the tax in question here, and the lien therefor, vested in and became the property of the state upon the death of Elizabeth Hewlett Martin, in January, 1905. Under the limitations prescribed by section 31 of article IV of the constitution, it is not within the power of the legislature, either by the repeal of the law in virtue of which the right vested, or by any other means, to grant or donate it to the successor in estate or to any other person.

The law of 1893 and its amendments provided that the executor or administrator of the particular estate should deduct from all money legacies, or money of the intestate, in his hands for distribution, the amount of the succession tax due thereon and that he should in other cases collect from the distributee the amount of the tax due on the share distributed, before delivery thereof to the party entitled, and should pay the said tax to the county treasurer for use of the state (Stats. 1895, sec. 6, p. 35; Stats. 1893, sec. 8, p. 195).

If this law is still in force, no order of the court was required to give the executor authority to deduct from the money legacies distributed to the appellants the succession tax thereon and to pay the same to the county treasurer. In that event the order would be harmless, even if unnecessary. It is claimed that the express repeal, by the act of 1905, of the previous law for succession taxes, if not effective to deprive the state of the right to the tax here involved, is, at least, valid so far as it repeals the provisions of sections 6 and 8 aforesaid, providing for its retention and payment by the executor, and, hence, that the executor had no authority to pay the tax for the legatees, and that the court had no power to make the order giving him such authority.

We do not think that these provisions were repealed. The act of 1905 containing the repealing clause above mentioned is practically a revision of the act of 1893 and its amendments, providing for succession taxes. Certain changes are made in the new law in regard to the persons on whom such tax is imposed, the exemptions therefrom, and in the rate of tax to be imposed upon the different persons. These changes are found, for the most part, in sections 1, 2, 3, and 4 of the new law, which cover the subjects embraced in section 1 of the

old law. The other portions of the old law are substantially re-enacted in the act of 1905 with a few alterations and additions which do not affect the question. The aforesaid section 6 of the former law is, word for word, the same as section 9 of the new act, and section 8 of the former law is identical with section 11 of the new act, with the exception of a few words of trifling import. We must presume that the legislature of 1905 was aware of its want of power, under the decision of this court in *Estate of Stanford,* to release, surrender, or discharge the taxes previously accrued and remaining uncollected. The re-enactment of the provisions of the former law respecting the payment and collection of succession taxes is to be considered as having been done with knowledge of the existence of these uncollected taxes and with the intent to continue in force the mode and means for the collection thereof. These re-enactments come within the scope and effect of section 325 of the Political Code, declaring that, when a part of a statute is amended, it is "not to be considered as having been repealed and re-enacted in the amended form; but the portions which are not altered are to be considered as having been the law from the time when they were enacted." The rule particularly applicable to this case is thus stated in Sutherland on Statutory Construction (2d ed., sec. 238) : "Where there is an express repeal of an existing statute, and a re-enactment of it at the same time, or a repeal and a re-enactment of a portion of it, the re-enactment neutralizes the repeal so far as the old law is continued in force. It operates without interruption where the re-enactment takes effect at the same time." Speaking of a similar case, the supreme court of the United States, in *Bear Lake I. Co.* v. *Garland,* 164 U. S. 11, [17 Sup. Ct. 7], say: "Although there is a formal repeal of the old by the new statute, still there never has been a moment of time since the passage of the act of 1888 when these similar provisions have not been in force. Notwithstanding, therefore, this formal repeal, it is, as we think, entirely correct to say that the new act should be construed as a continuation of the old with the modification contained in the new act." The following authorities are of similar effect: Endlich on Interpretation, sec. 490; *Pratt* v. *Swan,* 16 Utah, 483, [52 Pac. 1094] ; *Howlett* v. *Cheetham,* 17 Wash. 626, [50 Pac. 522] ;

*Pacific M. S. Co.* v. *Joliffe,* 2 Wall. 456; *Wright* v. *Oakley,* 5 Met. 406; *Sabin* v. *Connor,* 21 Fed. Cas. 125; *United Hebrew Assoc.* v. *Benshimol,* 130 Mass. 327; *Anding* v. *Levy,* 57 Miss. 59, [34 Am. Rep. 435]; *Middleton* v. *New Jersey etc. Co.,* 26 N. J. Eq. 274; *State* v. *Bemis,* 54 Neb. 733, [64 N. W. 350]. The effect of the act of 1905 was to establish a different rate of taxation and make it applicable to different persons with respect to all succession taxes accruing thereafter, but otherwise the provisions of the previous act incorporated into the new act, relating to the payment and collection of succession taxes, remained in force and applied to taxes previously assessed, the same as if there had been no express repealing clause in the new act. The same session of the legislature amended section 1669 of the Code of Civil Procedure, so as to provide that before any decree of distribution of an estate is made the court must be satisfied that "any inheritance tax which is due and payable has been fully paid." (Stats. 1905, p. 83.) This amendment took effect May 6, 1905, and remained in force, notwithstanding the repeal of the inheritance tax law of 1893. Under its provisions, in connection with the provisions of the former act re-enacted in the Revisory Act, there can be no doubt that the court had authority to make the order appealed from.

The order is affirmed.

Angellotti, J., Sloss, J., Henshaw, J., and Lorigan, J., concurred.