[L. A. No. 3742. In Bank.—January 12, 1917.]

JOHN N. HUNT, Treasurer of the County of Los Angeles, Appellant, v. MATHILDE WICHT, Executrix, etc., of Ulrica Garms, Deceased, Substituted in Place of Ulrica Garms, Respondent.

DEED—UNCONDITIONAL DELIVERY IN ESCROW—DELIVERY TO GRANTEE ON DEATH OF GRANTOR—PRESENT TRANSFER OF TITLE—LIFE ESTATE RESERVED TO GRANTOR.—A deed in form an absolute, unconditional conveyance of the property described therein, which is delivered by the grantor to a third person in escrow to be delivered to the grantee on the death of the grantor, with the intention on his part of making the delivery absolute and placing it beyond his power thereafter to revoke or control the deed, passes a present title to the property to the grantee, the grantor retaining only a life estate therein, and the depositary holds the deed as a trustee for the grantee.

ID.—INHERITANCE TAX—EXECUTED TRANSFERS CANNOT BE SUBSEQUENTLY SUBJECTED TO TAX.—The legislature is without power to subsequently impose a succession tax upon such fully executed transfer of title to the grantee, such tax accruing at the termination of the grantor's reserved life estate, simply because in the meantime the grantee was debarred by the intervening life estate from actual possession of the property conveyed and the other incidents of a life estate. The Inheritance Tax Act of April 7, 1911 (Stats. 1911, p. 713), if such was its intent, is ineffectual for such purpose.

ID.—TRANSFER IN CONTEMPLATION OF DEATH—WANT OF CONSIDERATION. It is immaterial, so far as concerns the power to subsequently impose a succession tax, that the transfer was made in contemplation of the grantor's death and without a valuable consideration.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Robert A. Waring, and John W. Carrigan, for Appellant.

Frederick H. Griffith, and Ernest C. Griffith, for Respondent.

ANGELLOTTI, C. J.—This proceeding was instituted against Ulrica Garms in the superior court of Los Angeles

County for the purpose of having it determined that a tax was due the state from her under our act establishing a tax on gifts, inheritances, transfers, etc. (Stats. 1911, p. 713), on account of a transfer of certain real property to her by her husband, William Garms, having the amount of such tax fixed, and collection of such amount enforced. A demurrer to the petition was sustained, and petitioner refusing to amend, judgment was given that the proceeding be dismissed. We have here an appeal from such judgment.

The whole theory of the petition is that there was an effectual transfer by deed which was subject to a tax under our law. It is on the theory only of such a transfer that the proceeding is based and any tax claimed. The material facts as to the transfer are substantially stated in the petition as follows: On April 12, 1905, William Garms was the owner of three small parcels of land in Los Angeles County. On that day he "executed a deed conveying to" said Ulrica Garms all of said property, "and thereupon delivered said deed to one Mathilde Wicht in escrow, to be delivered to the grantee therein named, . . . upon the death of said William Garms." On April 18, 1913, he died, and on the same day Mathilde Wicht delivered the deed to the grantee named therein. The allegations of these facts are followed in the petition by the following, viz.: "Your petitioner is informed and believes and therefore alleges that said deed was made, executed and delivered by said decedent as aforesaid in contemplation of his death and without valuable consideration, and that the same was intended to take effect in possession and in enjoyment as to the grantee therein named, respondent herein, after the death of said grantor." So far as the statement herein contained as to the intention of the grantor with regard to the taking effect of the deed is concerned, it must necessarily be limited to his intention as to the mere actual possession and enjoyment of the property conveyed incidental to the ownership of a life estate therein, and cannot be taken as alleging an intention that title to the property should not immediately pass to the grantee upon the delivery of the deed in escrow. Otherwise we would have no operative transfer at all, and consequently nothing whatever upon which to base this claim for a tax. The case would fall within the rule declared in *Williams* v. *Kidd*, 170 Cal. 631, 637, [Ann. Cas. 1916E, 703, 151 Pac. 1], as follows:

"So, too, if it be the intention of the grantor when he deposits a deed that it shall only be delivered to the grantee by the depositary after the death of the grantor, *and that the title is to vest only upon such delivery after his death,* then the deed is entirely inoperative as constituting an attempt by the grantor to make a testamentary disposition of his property. This may only be done by will, executed as required by the law of wills of this state, and a deed, the purpose of which is intended to be testamentary, cannot be given effect.'' The petition must be taken as presenting the case of one making an absolute, unconditional conveyance of property and delivering it to a third party, to be delivered to the grantee on the death of the grantor, with the intention on his part of making the delivery absolute and placing it beyond his power thereafter to revoke or control the deed. Such clearly was the intention of the pleader.

Concededly such a transfer may be taxed by the state. The difficulty in the case at bar is that at the time the deed was so executed and delivered to Mathilde Wicht in escrow there was no law imposing any tax on such a transfer as was here made. At that time the so-called ''Collateral Inheritance Act'' of 1893 (Stats. 1893, p. 193), was in force, the subsequent act approved March 20, 1905, [Stats. 1905, p. 374], which contained a provision repealing the act of 1893, being made by its express terms to take effect only from and after July 1, 1905. There was no effectual repeal of the act of 1893 prior to the date last named. The act of 1893, expressly excepted from the operation of its provisions any transfer to specific relatives, including the wife of a grantor. It is conceded here that the grantee was the wife of the grantor at the time of the execution and delivery of the deed in escrow, and that if reliance must be based on the act of 1893, there is no liability for a tax on account thereof. The claim is that the act in force at the time of the death of the grantor, viz., the act approved April 7, 1911 (Stats. 1911, p. 713), is the one that governs, especially as that act in terms provides for a tax on any transfer by deed ''made without valuable and adequate consideration in contemplation of the death of the grantor, . . . or intended to take effect in possession or enjoyment at or after such death,'' when the party taking ''becomes beneficially entitled in possession or expectancy to any property or the income therefrom, by any

such transfer, *whether made before or after the passage of this act."* The words we have italicized are relied on as clearly showing an intention to impose the tax on transfers previously fully and effectually made. It may be conceded for the purposes of this decision that such was the intent. The question then is whether such a retroactive effect may lawfully be given to the statute.

The well-settled effect of such a transaction as is shown by the petition is well stated by Mr. Justice Lorigan in the opinion in *Williams* v. *Kidd,* 170 Cal. 631, [Ann. Cas. 1916E, 703, 151 Pac. 1], which was concurred in by all the members of the court. It was said: "It is well settled that a person may make a conveyance of property and place it in the hands of a third party to be delivered to the grantee named in it on the death of the grantor, *and that such a delivery will be effectual to pass a present title to the property to the grantee* if the intention of the grantor is to make such delivery absolute and place it beyond the power thereafter to revoke or control the deed. Where delivery is made under these circumstances and with this intention, *it is fully operative and effective to vest a present title in the grantee, the grantor retaining only a life estate in the property,* and the third party or depositary holds the *deed* as a trustee for the grantee named in it. (*Bury* v. *Young,* 98 Cal. 446, 451, [35 Am. St. Rep. 186, 33 Pac. 338] ; *Moore* v. *Trott,* 156 Cal. 353, [134 Am. St. Rep. 131, 104 Pac. 578].) " (The italics are ours.) Other decisions such as *Keys* v. *Meyers,* 147 Cal. 702, [82 Pac. 304], *Estate of Cornelius,* 151 Cal. 550, [91 Pac. 329], *Husheon* v. *Kelley,* 162 Cal. 656, [124 Pac. 231], may be cited in support of this statement of the law in this state. We have then the case of a grant of land so executed and delivered on April 12, 1905, as to be fully operative and effective on that date to vest a *present title* in the grantee, subject only to a life interest in the grantor; " an executed conveyance" (*Estate of Cornelius,* 151 Cal. 550, [91 Pac. 329]) of this property in fee simple absolute, subject only to this life interest. Could the legislature subsequently lawfully impose a succession tax upon this fully executed *transfer of title,* such tax accruing at the termination of the grantor's reserved life estate, simply because in the meantime the grantee was debarred by the intervening life estate from actual possession of the property conveyed and the

other incidents of a life estate? It appears to us that to
state the question is to answer it. The succession to the
property by the grantee, which is the thing attempted to
be taxed, was complete upon the delivery of the deed in
escrow, notwithstanding the reservation of the life estate.
The whole estate conveyed vested irrevocably in interest at
once, notwithstanding that actual possession of the property
itself and enjoyment of the profits thereof were deferred
until the death of the life tenant. His death added nothing
to the title theretofore acquired by the grantee, and there
was no transfer of any property in any legal sense at the
time of such death, or at any time subsequent to the delivery
in escrow. The right of the grantee to have actual physical
possession of the property itself and enjoyment of the other
incidents of an estate for life upon the death of the life
tenant was absolutely vested by the delivery of the deed in
escrow, and nondefeasible, and the legislature could not
thereafter lawfully destroy, impair, or burden this property
right under the guise of a succession tax on account of the
transfer. As said in *Matter of Craig,* 97 App. Div. 289, [89
N. Y. Supp. 971], (affirmed, 181 N. Y. 551, [74 N. E. 1116]) :
"The underlying principle which supports the tax is that
such right (the right of succession) is not a natural one but
is in fact a privilege only, and that the authority confer-
ring the privilege may impose conditions upon its exercise.
But when the privilege has ripened into a right it is too
late to impose conditions of the character in question, and
when the right is conferred by a lawfully executed grant
or contract it is property and not a privilege, and as such
is protected from legislative encroachment by constitutional
guaranties." It is the vesting in interest that constitutes
the succession, and the question of liability to such a tax must
be determined by the law in force at that time. This view
is not opposed to *Estate of Woodard,* 153 Cal. 39, [94 Pac.
242], cited by appellant, where the statute in force at the
time of death of a testator was held applicable, rather than
a later act, simply because it was at the time of such death
that the estate vested in the devisee and legatee. What we
have said appears perfectly clear on principle, and is sus-
tained by practically all of the authorities in other states
where the question has arisen. In New York the matter
is thoroughly settled by several decisions. In the *Matter of*

*Pell,* 171 N. Y. 48, 55, [89 Am. St. Rep. 791, 57 L. R. A. 540, 63 N. E. 789], it is said that such a transfer tax being one not imposed on property but upon the right to succession, it "follows that where there was a complete vesting of a residuary estate before the enactment of the transfer tax statute, it cannot be reached by that form of taxation." And also, "If these estates in remainder were vested prior to the enactment of the transfer tax act there could be in no legal sense a transfer of the property at the time of possession and enjoyment. This being so, to impose a tax based on the succession would be to diminish the value of these vested estates, to impair the obligation of a contract and take private property for public use without compensation." (See, also, *Matter of Craig,* 181 N. Y. 551, [74 N. E. 1116].) It was said in the *Matter of Delano,* 176 N. Y. 486, [64 L. R. A. 279, 68 N. E. 871], referring to *In re Pell,* 171 N. Y. 48, [89 Am. St. Rep. 791, 57 L. R. A. 540, 63 N. E. 789]: "In that case the transfer was completed without the aid of a will, and the effect was the same as a deed *inter vivos.* There was no foundation for a succession tax." There is no New York decision that can fairly be construed as opposed to this view. It is clearly recognized as correct in *People* v. *Carpenter,* 264 Ill. 400, [106 N. E. 302], a case relied on for a contrary conclusion, and we have found no case which would sustain a conclusion that where an estate is fully vested by reason of a lawfully executed grant or contract, the legislature may subsequently lawfully impose a succession tax on account of the transfer.

It is immaterial, so far as the question we have discussed is concerned, that it is alleged that the transfer was made "in contemplation of his death and without valuable consideration." The estate conveyed fully vested at the time of the delivery of the deed in escrow, entirely regardless of the motives of the grantor for the conveyance, and without regard to whether the transfer was without valuable consideration, and there was then no law imposing a tax on any such transfer.

The judgment is affirmed.

Shaw, J., Melvin, J., Sloss, J., Lorigan, J., Henshaw, J., and Lawlor, J., concurred.