[S.. F. No. 9488. In Bank.—June 16, 1921.]

JOHN S. CHAMBERS, as Controller, etc., Respondent, v. SARAH OLIVER GIBB, Appellant.

[1] INHERITANCE TAX—LAW CONTROLLING.—In determining the liability of a transfer to the payment of an inheritance tax, the law in force at the time of the transfer is controlling.

[2] ID.—TRANSFER UNDER ACT OF 1913—DEATH OF TRANSFEROR SUBSEQUENT TO REPEAL BY ACT OF 1917—RIGHT TO COLLECT TAX UNDER REPEALED ACT.—A transfer of community property from a husband to a wife made in contemplation of death prior to the repeal of the inheritance tax law of 1913 (Stats. 1913, p. 1066) by the Inheritance Tax Act of 1917 (Stats. 1917, p. 880), is subject to the payment of the tax under the law of 1913, notwithstanding the transferor died subsequent to such repeal, in view of the saving clause contained in the repealing clause of the act

2. Succession tax on gift in contemplation of death, notes, 18 L. R. A. (N. S.) 458; 46 L. R. A. (N. S.) 790.

of 1917 that such repeal should not affect any existing right of the state to claim a tax upon any property under the provisions of the repealed act.

[3] ID.—TRANSFER OF COMMUNITY PROPERTY—ONE-HALF EXEMPT FROM TAX—PROVISION OF ACT OF 1917 NOT RETROSPECTIVE.—Section 1, subdivision 2, of the Inheritance Tax Act of 1917, providing that in the case of a transfer of community property from husband to wife within the meaning of subdivisions 3 or 5 of section 2 of the act, one-half of the community property so transferred shall not be subject to the provisions of the act, is prospective in character, and by its terms has no relation to a transfer made before the enactment which was taxable under the terms of the prior statute.

[4] STATUTORY CONSTRUCTION—PROSPECTIVE EFFECT.—A statute should not be given a retrospective effect unless the language demands such a construction.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank E. Powers for Appellant.

H. C. Lucas and A. W. Brouillet for Respondent.

WILBUR, J.—This is an appeal from an order and judgment fixing the inheritance tax to be paid by the defendant. On September 15, 1913, James Gibb transferred to his wife, Sarah Oliver Gibb, the defendant, certain real estate in the city and county of San Francisco, state of California. The real estate was community property and the transfer was made in contemplation of death. No consideration was paid for the transfer and the husband reserved a life estate to himself, giving him the right to the full enjoyment and possession of the same and the rents, issues, and profits thereof for and during the term of his natural life. The conveyance was intended to take effect in possession and enjoyment upon his death. At the time of the transfer the Inheritance Tax Act of

3. Prospective or retroactive operation of succession tax acts, notes, 2 Ann. Cas. 608; 8 Ann. Cas. 218.

1913 (Stats. 1913, p. 1066) was in effect. By that statute community property transferred in contemplation of death or devised or bequeathed to the wife was taxable with an exemption to her of twenty-four thousand dollars. This Inheritance Tax Act was repealed by the Inheritance Tax Act approved May 23, 1917 (Stats. 1917, p. 880). Thereafter on July 2, 1919, James Gibb died. It is conceded that the estate transferred was taxable to its full value less an exemption of twenty-four thousand dollars under the statute of 1913. Appellant, however, contends, first, that the statute of 1913 was repealed, and that for that reason no tax at all was payable upon said property so transferred, and, second, that if this point is not well taken, at least the exemption of one-half of the community property granted in the statute of 1917 is applicable. [1] It has been repeatedly held by this court that the inheritance tax law in effect at the time of the transfer is the one which controls (*Hunt* v. *Wicht*, 174 Cal. 205, [L. R. A. 1917C, 961, 162 Pac. 639]; *Estate of Felton*, 176 Cal. 663, 669, [169 Pac. 392]; *Estate of Gurnsey*, 177 Cal. 211, [170 Pac. 402]; *Estate of Murphy*, 182 Cal. 740, [190 Pac. 46]). The tax is imposed upon the transfer and relates back to the time of transfer, but is not payable until the time of death. The repealing clause of the act of 1917 contained the following saving clause: "Sec. 25. . . . provided, however, that such repeal shall in no wise affect any suit, prosecution or proceeding pending at the time this act shall take effect, or any right which the state of California may have at the time of the taking effect of this act, to claim a tax upon any property under the provisions of the act or acts hereby repealed. . . . "

[2] It is difficult to understand how the saving clause contained in the act of 1917 could have been more definite as to the taxation of the transfer in question. Under the law of 1913 the transfer was taxable. The tax was payable at death. This right to collect a tax at the death of the donor was specifically reserved in the proviso to the repealing section of the act of 1917.

[3] Section 1, subdivision 2 of the act of 1917 provides that in the case of a transfer of community property from husband to wife within the meaning of subdivisions 3 or 5 of section 2 of this act, one-half of the community property so transferred shall not be subject to the provi-

sions of this act. This provision in regard to the exemption of one-half of the community property from the tax is specifically made with reference to the transfer taxable under that act. In other words, it was prospective in character and by its terms had no relation to a transfer made before the enactment of the statute which was taxable under the terms of the prior statute. [4] The statute should not be given a retrospective effect unless the language demands such a construction. (*Matter of Van Kleeck,* 121 N. Y. 701, [25 N. E. 50]; *Matter of Seaman,* 147 N. Y. 69, [41 N. E. 401]; *Matter of Miller,* 110 N. Y. 216, [18 N. E. 139].) The right to the tax having been definitely fixed by the law of 1913, the legislature would have no power by subsequent act to remit the tax (*Estate of Martin,* 153 Cal. 225, [94 Pac. 1053]).

Judgment affirmed.

Lennon, J., Shaw, J., Sloane, J., Angellotti, C. J., Olney, J., and Lawlor, J., concurred.