# ESTATE OF G. H. MASTICK, DECEASED.

## SUPERIOR COURT, COUNTY OF ALAMEDA

### ( Joint Tenancy Case )

### 1923

---

In the matter of the Estate of George H. Mastick, deceased. On objections to report of Collateral Inheritance Tax Appraiser. Objections sustained.

---

**1. JOINT TENANCY — TITLE VESTS AT CREATION, NOT AT DEATH OF TENANT.**

The title to property vests at the creation of a joint tenancy, where created by deeds at their dates respectively, and upon the death of either joint tenant the property remains, not becomes, the property of the survivor, and therefore nothing remains to pass at the death of one of the joint tenants, so the surviving joint tenant receives no transfer and acquires no other right than before.

**2. TAXATION — JOINT TENANCIES—SUCCESSION TAX MUST BE AT CREATION. NO TAX AFTER VESTING.**

Conceding that the right of succession is a mere privilege which the state may tax, when the privilege has ripened into a right it is too late to impose a tax on joint tenancies which did not exist at the time of their creation, or at least when the privilege had ripened into a right, to-wit, the running of the Statute of limitations which statute is a merituous defense.

**3. TAXATION — JOINT TENANCY — VESTING IN INTEREST — SUCCESSION.**

It is the vesting in interest which constitutes the succession in joint tenancy, and the law in force at the time determines the liability.

**4. CONSTITUTIONAL LAW — TAKING PROPERTY FOR PUBLIC USE — SUCCESSION TAX — JOINT TENANCY.**

Where a joint tenancy was vested in 1909 and another in 1912 and one of the joint tenants died in 1920 the statute of 1917 providing for a transfer tax upon joint tenancies could not impose such tax since the survivor had a vested right which the legislature could not thereafter lawfully destroy, impair or burden under the guise of a succession tax

and thus take private property for public use without compensation.

5.   STATUTES — CONSTRUCTION — COURTS WILL LOOK BEHIND ACT TO FUNDAMENTAL FACT.

Courts will always look behind an act of the legislature to find the fundamental fact, and are not bound by mere forms in construction of statutes.

6.   TAXATION — SUCCESSION TAX STATUTE FOR JOINT TENANCIES NOT RETROACTIVE.

The statute of 1917 providing for joint tenancies succession tax is not intended to be retroactive.

7.   TAXATION — JOINT TENANCY — LEGISLATURE CANNOT TAX SUCCESSION AS ACCRUING AT DEATH.

The legislature has no right to levy a tax as accruing by reason of the death of the joint tenant notwithstanding that it might have the right to levy a tax upon the creation of the joint tenancy payable at death of one joint tenant.

---

E. C. Robinson, Judge.

---

Decision.    No. 28339.    Dept. No. 4.

In the Superior Court of the State of California,

In and for the County of Alameda.

In the matter of the Estate of George Mastick, also known as Geo. H. Mastick, also known as G. H. Mastick, deceased.

This matter comes before the court on objections to the report of the Collateral Inheritance Tax Appraiser; and upon an agreed statement of facts, the essential portions germane to this inquiry being as follows:

That on July 8, 1909, John S. Partridge conveyed to George H. Mastick and wife, as joint tenants with the right of survivorship, and to their heirs and assigns of the survivor of them, certain real property; that on March 6, 1912, George K. Frink and wife conveyed to the same grantees as joint tenants (as fully

as in the other deeds) certain real property; that the property in the Partridge deeds was community property of the grantees, and that the property in the Frink deed was acquired by Mastick and wife with community funds.

At the time of the death of Mastick there was no inheritance tax law taxing the right of survivorship of a joint tenant.    In 1917 the inheritance tax act was amended as follows:

"Whenever property, real or personal, is held in the joint names of two or more persons, or is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving joint tenant or joint tenants, person or persons to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this Act in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased joint tenant or joint depositor, and had been devised or bequeathed to the surviving joint tenant or joint tenants, person or persons, by such deceased joint tenant or joint depositor by will, excepting therefrom such part thereof as may be proved by the surviving joint tenant or joint tenants, to have originally belonged to him or them and never to have belonged to the decedent."

It is contended by objector that the amendment of 1917 is prospective only; that any right or interest which the objector had before or after the death of her husband in said property was vested in 1909 and 1912 respectfully upon the creation of the joint tenancies under said deeds, and she gained no new rights upon decedent's death in 1920.

Voluminous authorities are cited on both sides, and it would be a stupendous task to attempt to review them all in this opinion.

The common-law rule of joint tenancies is well recognized by our own Supreme Court in DeWitt vs. San Francisco, 2 Cal. 289, where the Court holds that a joint tenancy is a technical feudal estate, for the creation of which four unities are required, namely, unity of interest, unity of title, unity of time, and unity of possession.    This is substantially the definition of joint interests in Section 683 Civil Code; and by Section 161 Civil Code a husband and wife may hold property as joint tenants.

Washburn on real property, Vol. 1, Page 646, says:

"The interest which a joint tenant has as a survivor is not a new one acquired by him from his co-tenant upon the latter's death; for his own interest is not changed in amount, but only his co-tenant's is extinguished.    It is therefore a mistake to say of a joint tenancy that the title vests in the survivor upon the death of the co-tenant, or that it descends to him from his co-tenant, for it had already vested in him by and at the time of the original grant."

In 2 Tiffany on Real Property, 625 it is said:

"In the case of a joint tenancy all the tenants have together in the theory of the law, but one estate in land, and the estate each joint tenant owns conjointly with the other co-tenants.    Each joint tenant is regarded as tenant of the whole for the purposes of tenure and survivorship.

"The leading characteristic of a joint tenancy is the right of survivorship.    The doctrine appears to be the result of, or at least associated with the theory that joint tenants together own but one estate, a theory which rigidly applied would recognize no distinct interest in one to pass on his death to his heirs or devisees, his claim being as against others, merely extinguished in that case."

In Estate of Gurnsey, 177 Cal. 211, it was said in substance that the creation of a joint tenancy in bank deposits of money which was previously community

property, is neither a testamentary disposition nor a transfer of property to vest in one co-tenant upon the death of the other, and was not a transfer in contemplation of death within the meaning of the inheritance tax law of 1905; and that both at common law and under the Civil Code of this State the legal effect of a joint tenancy is that the title to the joint property does not pass to and vest in the survivor upon the death of his co-tenant, but that each co-tenant is seized of the whole estate from the first, and no change occurs in his title on the death of his co-tenants; and further, that the question of legality of inheritance tax must be determined by the law in force at the time title vested by virtue of a transfer.

See, also, to the same effect, McDougall vs. Boyd, 172 Cal. 753.

In Hannon vs. Southern Pacific R. R. Co. 12 Cal. App. 350, the Court, following the common law, said:

"By the well-established rule of common law, upon the death of one joint tenant, the title did not vest in the survivor. The notion of a joint tenancy entertained by ancient law writers and jurists was a very peculiar one. The title did not vest or descend upon the death of one tenant. In contemplation of the law each tenant was seized of the whole estate from the first, and no change occurred in his title on the death of his co-tenant. It simply 'remained' to him. He did not derive the title or estate or any part or interest therein from his co-tenant but wholly from the original grant."

See, also, Kennedy vs. McMurray. 169 Cal. 287, and Estate of Harris, 169 Cal. 725.

Under these authorities and others which might be cited, the title to the property vested at the time of the creation of the joint tenancy, in these cases presumably the date of the deeds respectively; and upon the death of either joint tenant the property remained —not did become—the property of the survivor; and

therefore nothing remained to pass at the death of one of the joint tenants.. There was therefore no right or transfer which took effect in the surviving joint tenant at the death. At the time of the death of George H. Mastick his widow, the remaining joint tenant, had no other right than she had had before.

Conceding that the right of succession is not a natural one, but a mere privilege which the State may impose conditions upon, when that privilege has ripened into a right it is too late to impose a tax upon joint tenancies which did not exist at the time of their creation, or at least at the time when the privilege had ripened into a right, to-wit, the running of the Statute of Limitations. That statute is a meritorious defense. If the statute had not run at the time of the enactment in 1917, or if the State has the right to impose an additional burden and make the law so imposing it retroactive, as held in the New York case, In re McKelway, 116 N. E. 348, a different conclusion would have to be reached. But this court is of the opinion, as will appear later herein, that the Legislature has not the power to impose a tax on joint tenancies by virtue of the happening of the death. We concede that the Legislature would have the right to tax the transfer originally as of the date of the actual transfer, to-wit, at least the date of the delivery of the deeds in joint tenancy.

The following cases are enlightening:

Hunt vs. Wicht, 174 Cal. 205.

United States vs Perkins, 163 U. S. 625;

"It is the vesting in interest of the rights passing between the parties which constitutes the transfer taxed by the Act." Chambers vs Lamb, 61 Cal. Dec. 817; Estate of Kennedy, 157 Cal. 517; Hunt vs Wicht, Supra.

And it is the vesting in interest which constitutes the succession, and the law in force at the time determines the liability.

Nickel vs State 179 Cal. 126.

The statute of 1917 cannot be given a retroactive effect.

Estate of Martin, 153 Cal. 225.
Hunt vs Wicht, supra;

See, also, Green vs Blancher, 40 Cal. 194.

The right to have the possession and enjoyment of the joint tenancy property, together with the right of survivorship, was absolutely vested in 1909 and 1912 respectively in the wife of George H. Mastick (the survivor) and the Legislature could not thereafter lawfully destroy, impair or burden this property right under the guise of a succession tax; and to impose a tax in 1920 on the succession which took place in 1909 and 1912 would be to diminish the value of those vested estates, and to take private property for public use without compensation.    Hunt vs. Wicht, supra.

It has not been argued, but the following may be worthy of consideration:

On the death of Mr. Mastick, one of the joint tenants, his rights terminated in the property; that is his undivided right to possession and enjoyment; and the power to convert the joint tenancy into a tenancy in common terminated; they absolutely became extinguished upon his death.    But no transfer is made, notwithstanding the statute says a transfer is made. (See definition of transfer in Section 2, subdivision 5, of the Act, as to the right of the surviving joint tenant.) To hold that death works a transfer when there is no right or substance to transfer, when there is nothing but a mere "vacuum" as has been expressed in a Pennsylvania case, a constitutional question, that is, the taking of property without due process of law, becomes at once active.    The Legislature can tax the creation of the joint tenancy, making such tax payable on the death of the joint tenant, as is done in life estate cases.    (See life estate cases in the Act.) In the amendment of 1917 the Legislature tries to tax,

not what the surviving joint tenant receives, but the extinction of the rights of the deceased joint tenant. It cannot tax a vacuum, as we have stated before. There is no transfer, and therefore there can be no tax.

In principle it has been held that in a life estate the State cannot tax the termination of the life estate, but may only tax the original transfer.    Hunt vs Wicht, supra.

Again:    All that a joint tenant has or can exercise is the power to terminate the joint tenancy by transfer and create a tenancy in common.    Can it be that the Legislature has the right to tax the termination of a mere unexercised, naked power?    If the power to terminate cannot be taxed, the mere death of the joint tenant is not the exercise of the power.    Then there can be no transfer by reason of the death, and the rights of the surviving joint tenant remain as they always were from the creation of the joint tenancy.

Courts will always look behind an Act of the Legislature to find the fundamental fact.    The Legislature will not be deemed to say that white is black, and by so saying make it so.    Black is always black, notwithstanding the Legislature may seem to say it is white. As was well said in the case of Mugler vs Kansas, 123 U. S. 661, cited and quoted in Exparte Hayden, 147 Cal. 649, at Page 651:

"The courts are not bound by mere forms, nor are they to be misled by mere pretense.    They are at liberty—indeed, are under a solemn duty—to look at the substance of things whenever they enter upon the inquiry whether the Legislature has transcended the limits of its authority.    If therefore, a statute purporting to have been enacted to protect the public health, the public morals, or the public safety, has no real or substantial relation to those objects, or is a palpable invasion of rights secured by the fundamental

law, it is the duty of the Courts to so adjudge, and thereby give effect to the constitution."

The objections must be sustained, for the following reasons:

1.   That the Legislature never intended that the amendment of 1917 should be retroactive, that if it did so intend, it would be unconstitutional and void, as interfering with vested rights;

2.   That the Legislature has not the right to levy a tax as accruing by reason of the death of the joint tenant, as it attempted to do by the amendment of 1917, notwithstanding that it might have the right to levy a tax upon the creation of the joint tenancy payable at death of one joint tenant.

It follows that the report of the Collateral Inheritance Appraiser, in so far as it attempts to fix a tax on the real property involved in the joint tenancy, be, and is hereby disapproved, and the State is not entitled to the payment of any tax on said property by reason of the death of George H. Mastick.

Since the above was dictated, the Supreme Court of this State has handed down a decision (Estate of Potter, 63 C. D. 141), which will be found instructive and authoritative on several points, involved in this case.

E. C. Robinson, Judge.