[Civ. No. 12664.   Second Appellate District, Division Two.—October 18, 1940.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. PACIFIC LAND CORPORATION, LTD., (a Corporation) et al., Defendants; RESIDENTIAL LAND CORPORATION (a Corporation) et al., Respondents.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Louis A. Babior, Deputy City Attorney, for Appellant.

Overton, Lyman & Plumb, Irving H. Prince, Donald H. Ford, O'Melveny, Tuller & Myers, Pierce Works and W. B. Carman, Jr., for Respondents.

Earl Warren, Attorney-General, and Louis G. Campbell, Deputy Attorney-General, as *Amici Curiae*, on Behalf of Respondents.

McCOMB, J.—From a judgment in favor of defendants predicated upon the granting of their motion for a judgment on the pleadings in an action to quiet title to certain tide lands located within the area of the City of Los Angeles known as the Westgate Addition, plaintiff appeals.

The essential facts are:

In 1911 the legislature granted to the City of Los Angeles the tide lands "within the present boundaries of said city" (Stats. 1911, p. 1256). The act contained among others this provision:

"Provided, that said city, or its successors, may grant franchises thereon for limited periods, for wharves and other public uses and purposes, and may lease said lands, or any part thereof, for limited periods, for purposes consistent with the trusts upon which said lands are held by the State of California, and with the requirements of commerce or navigation at said harbor; . . . "

Thereafter in 1917 the legislature amended the foregoing provision of the 1911 act so far as is material to the present litigation to read as follows (Stats. [1917] 159):

"Provided, that said city, or its successors, may grant franchises thereon for limited periods, IN ANY EVENT NOT TO EXCEED THIRTY YEARS for wharves and other public uses and purposes, and may lease said lands, or any part thereof, for limited periods, IN ANY EVENT NOT TO EXCEED THIRTY YEARS for any and all purposes which shall not interfere with commerce or navigation, and are not inconsistent with the trusts upon which said lands are held by the State of California; . . . " (Note the words in capitals are not in the 1911 act.)

Section 1 of both acts reads in part thus:

"Section 1. There is hereby granted to the City of Los Angeles . . . all the right, title and interest of the State of California . . . in and to all tidelands and submerged lands, . . . within the present boundaries of said city. . . . "

In 1916 there was annexed to plaintiff, the City of Los Angeles, an area known as the Westgate Addition, in which is embraced the tide land which is the subject of the present litigation.

This is the sole question necessary for us to determine:

*Did the legislature in passing the act of July 27, 1917 (Stats. [1917] 159) entitled "An act to amend section one of*

*an act entitled 'An act granting to the City of Los Angeles the tidelands and submerged lands of the state within the boundaries of the said city,' approved May 1, 1911," grant to plaintiff the tide lands lying within the Westgate Addition, which was annexed to plaintiff subsequent to the passage of the 1911 Act and prior to the passage of the 1917 Act?*

■ This question must be answered in the negative. The law is established in California that, where a section or part of a statute is amended, it is not to be considered as having been repealed and reenacted in the amended form, but the portions which are not altered are to be considered as having been the law from the time they were enacted, and the new provisions are to be considered as having been enacted at the time of the amendment. (Sec. 325, Pol. Code; *Estate of Martin,* 153 Cal. 225, 229 [94 Pac. 1053]; *Corporation of America* v. *Johnson,* 7 Cal. (2d) 295, 305 [60 Pac. (2d) 417].)

■ Applying the foregoing rule to the facts of the instant case, the words in section 1 of the 1917 act, "There is hereby granted to the City of Los Angeles . . . all tide lands and submerged lands . . . within the present boundaries of said city . . . " are a reenactment of identical words in the act of 1911. Hence, under the rule just stated, the quoted words refer and relate to the date of the original enactment in 1911 and not to the amended statute as adopted in 1917. Thus, as the tide lands embraced within the Westgate Addition were not within the boundaries of the plaintiff in 1911, the legislature did not grant said tide lands to plaintiff.

There is no merit in plaintiff's contention that a grant is not a law within the meaning of that word as used in section 325 of the Political Code, in view of the decision of our Supreme Court in *People* v. *Oakland Water Front Co.,* 118 Cal. 234 [50 Pac. 305]. Mr. Chief Justice Beatty in the case just cited says at page 245:

"A legislative grant from the public domain is not only a grant but is also a law, . . . "

Neither do we find any force in plaintiff's argument that the legislative act of 1917 was a new grant. Such argument is refuted by the very title of the act, which reads in part: "An act to amend section 1 of an act entitled . . . , approved May 1, 1911."

In view of our conclusions, it is unnecessary to consider the other arguments presented by plaintiff.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 16, 1940.